State *v.* Robinson.

THE STATE *versus* CERTAIN SPIRITUOUS AND INTOXICATING LIQUORS ; ROBINSON, CLAIMANT.

To obtain a forfeiture of intoxicating or spirituous liquors under the Act "for the suppression of drinking-houses and tippling-shops," it is necessary to be distinctly averred in the complaint, and proved on the trial, that the liquors were intended for sale in the city or town, in which they were kept or deposited, and by some person not authorized to sell the same in such city or town, under the provisions of the Act.

It is not, however, necessary to aver or prove that they were intended for sale in the shop, or other building, wherein they were kept or deposited.

The requirement of the constitution in reference to search-warrants, that " A special designation of the place to be searched" shall be made, is not answered by words, which, if used in a conveyance, would not convey it, and which would not confine the search to one building or place.

Under that constitutional provision, an article to be searched for, may, in the warrant, be described simply by its generic name, if it be destitute of any peculiar and known marks or qualities, by which, in the description, it can be distinguished from other articles of the same general name.

Thus, a warrant for the search of "spirituous or intoxicating liquors," will not be considered unauthorized, for the want of a sufficient designation of the thing to be searched for.

The officer's return, which omits to state how long the liquors had been advertised, or that the notice posted contained the number or any description of the packages, is too defective to authorize a decree of forfeiture based upon it.

Legal proof that the liquors were kept for sale by the owner or keeper of them, is an essential prerequisite to a decree of forfeiture, (where a claimant appears,) and to the imposition of a fine. Neither the affidavit contained in the complaint, nor the recitals in the warrant, nor the officer's return, can be taken as evidence upon that point.

When the complaint names no person as the owner, keeper or claimant of the liquors, the swearing of the jury in the form as of a criminal trial, is irregular. The finding that the defendant is guilty, would be merely void, there being no issue upon which it could rest.

ON EXCEPTIONS from the District Court, EMERY, J. presiding.

A complaint was made on the 25th of November, 1851, to the Municipal Court of Portland, by three voters of that city, setting forth that they had reason to believe, and did believe, that at said Portland, on, &c., spirituous and intoxicating liquors were and still are kept and deposited and in-

State *v.* Robinson.

tended for sale, by a person unknown to the complainants, of said Portland; said person unknown not being authorized to sell the same in said Portland, under the provisions of the Act, entitled, " An Act for the suppression of drinking-houses and tippling-shops," in a certain building, situated on Plum street, called a shed, in said Portland, whereby said liquors have become forfeited to be destroyed.

Wherefore the complainants pray, that due process may be issued to search said shed, where said liquors are believed to be deposited, and if there found, that the same may be seized and safely kept until final action and decision be had thereon.

On the same day a warrant upon that complaint was issued by the Municipal Court, directed to the constable, requiring him to enter, in the daytime, the shed before named, and therein search for said liquors, and, if there found, to seize and safely keep the same until final action and decision be had on said complaint.

Upon that warrant the constable returned upon the same day, as follows: — " I have entered the shed situated in Portland on Plum street, being the same premises described in the written warrant, and have there made search for spirituous and intoxicating liquors, and have found and seized in said shed one cask of Madeira wine, marked B. ; do. marked H. S. L. L. A. L. ; 2 half casks do., ullage ; 2 casks sweet wine, ullage, marked U. D. C. |C̄| ; 2 casks port-wine, ullage, marked a key, C. & A. ; 1 cask of Sicily wine, ullage, marked C. O. L. L. J. ; 1 cask Otard brandy, and 89 half-pint glass bottles of ale ; said liquors being spirituous and intoxicating, and now hold them in my custody until final action is had thereon.

" I have this [same] day advertised the above-described liquors by posting up a notice, in the entry of the Old State House, of the seizure and custody of the same, and by notifying all persons claiming said liquor or part thereof, that they may appear before said Court, and be heard in support of their claim and right to the same, and by leaving a copy of said advertisement with the Judge of the Municipal Court."

Record of the Municipal Court. At a Municipal Court, for

the city of Portland, holden 28th February, 1852 : — [Then the complaint is recited.]

And now such liquors as are described in the warrant issued on said complaint are found and seized by the officer, and have by said officer been advertised agreeably to the provisions of the statute in such case made and provided. Richard R. Robinson, of said Portland, appears and claims the property described and seized ; and the said Robinson claims the same as imported liquor contained in the original packages, and that they were not kept or deposited, and intended for sale in violation of law.

And now it not appearing to the Court that said liquors are or were, at the time of the seizure thereof, the property of any city or town in said State, and purchased for sale by the agent thereof for medicinal and mechanical purposes, or that the same were of foreign production, imported under the laws of the United States in accordance therewith, nor that said liquors were not intended for sale in said Portland by a person not authorized to sell the same therein, —

It is therefore considered and declared by the Court, that said liquors be and are declared forfeited and ordered to be destroyed ; and Joseph M. Thompson is appointed to witness the destruction thereof.

And said Robinson appeals to the District Court for the Western District, to be holden at Portland within and for said county, on the first Tuesday of March next, and gives bond to said State with sureties in the sum of two hundred dollars, to prosecute said appeal and pay all fines and costs which may be awarded against him.

The appeal was duly entered in the District Court. And the defendant's counsel there moved that the prosecution be dismissed, for the reason that the complaint was insufficient, because it was not alleged in the complaint that the liquors were intended for sale in the place where they were kept and deposited, or in any specific place, or in the city or county where the complaint was made ; and also for the reason that it did not appear that the court below had jurisdiction, or that

the property had been advertised, or the notice given, required by the statute.

The jury were impanneled in the usual manner in which they are impanneled in criminal trials, and directed if they found the defendant guilty to say so, and if they found him not guilty to say so, and no more. The counsel for claimant objected to this form of impanneling the jury, and contended that the issue of guilty or not guilty was not the proper issue to be presented to the jury. No other plea was put in by the claimant, than the written claim and answer filed in the Municipal Court, and set forth in the record which makes part of the case.

It was admitted by the claimant and on the part of the government, that the liquors seized were the property of said Robinson. The government introduced evidence to prove that the liquors described in the return were seized in the place described in the warrant, to wit, the shed in Plum street; but there was no evidence that the liquors were intended for sale in the place where they were seized, or where they were kept and deposited.

Counsel for defendant contended, that the evidence showed that the liquors seized were deposited for storage, and were not intended or offered for sale. Counsel for government contended, that the evidence tended to show that the liquors were intended for sale by defendant, though not in the shed.

The counsel for the claimant requested the Court to give the following instructions : " That the provision in the eleventh section of the Act, entitled an 'Act for the suppression of drinking-houses and tippling-shops,' which provides that if the owner or keeper of the liquor seized fails to appear, or unless he can show by positive proof that said liquors are of foreign production, &c., the liquor shall be declared forfeited, &c., and the owner or keeper shall pay a fine of twenty dollars, &c., is unconstitutional ; that the provision, in said eleventh section, that the custom-house certificates of importation and proofs of marks on the casks or packages corresponding thereto, shall not be received as evidence that the liquors con-

tained in said packages are those actually imported therein, is repugnant to the laws of the United States, and is also unconstitutional; that the provisions in said section, which create a forfeiture or impose a penalty upon oath or affirmation not made in the presence of the defendant, and without requiring the production of any witnesses against him, are unconstitutional and void; that the eleventh section of said Act is unconstitutional; that the provision in the thirteenth section, imposing additional penalties upon a party for claiming his constitutional right of appeal from a tribunal, where he cannot have a trial by jury, to a court in which he may have the same, is unconstitutional; that it should be alleged in the complaint and proved at the trial, that the liquors were intended for sale in the place where the search is made; that it should be averred in the complaint, and proved at the trial, that the liquors were intended for sale by the person with whom they are alleged to be kept and deposited."

The Court declined to give the instructions requested, but did instruct the jury, that it was not necessary to aver or prove that the liquors were intended for sale in the place where they were kept or deposited, or in any particular place, but that they might inquire whether they were or not intended for sale by the defendant.

The jury returned a verdict of guilty.

Counsel for the defendant moved that the verdict be set aside, for the reason that it was not responsive to any plea in the case, and that it was not a finding upon any question properly presented or submitted to them; but the Court overruled the motion. To the foregoing rulings and instructions the said Robinson excepted, and his exceptions were allowed.

*G. F. Shepley*, for the claimant.

*Tallman*, Attorney General, for the State.

SHEPLEY, C. J. — The proceedings in the District Court are presented by a bill of exceptions. The complaint and warrant issued by the Municipal Court, with the returns of

the officer thereon, are made a part of the case. For a disposition of the case, it would not be necessary to consider all the objections and requests for instructions made at the trial. Several questions, which are presented, may be expected to arise frequently upon proceedings instituted by virtue of the Act approved June 2, 1851; and it may be desirable to have a decision upon them, that a correct practice may be established.

1. The District Judge correctly considered that the complaint did not contain any averment, that the liquors were intended for sale in the city of Portland, or at any particular place; and he instructed the jury "that it was not necessary to aver or prove, that the liquors were intended for sale in the place where they were kept or deposited, or in any particular place." By a transposition and use of the language contained in the eleventh section, which authorizes a complaint to be made, the averments required will be clearly perceived to be, "That spirituous or intoxicating liquors are kept or deposited and intended for sale" "in any store, shop, warehouse or other building or place in said city or town," "by a person not authorized to sell the same in said city or town, under the provisions of this Act."

The complaint should therefore contain a distinct averment that the liquors are intended for sale in the city, town or place, in which they are kept or deposited. A literal construction of the language would seem to require an averment that they were intended for sale in the store, shop, warehouse, building, or place, where they are kept or deposited. But a construction should not be made, which would have the effect to permit such evasions of the provisions of the Act, as would prevent the accomplishment of its declared design, if the language will admit any other fair interpretation. The construction insisted upon in argument, would be likely to have such an effect, — for it would not be difficult for a person to keep liquor in a shop in which it was not intended that it should be sold, while it was intended that it should be sold in an adjoining shop, or in one near it, to which it might be carried

in small quantities as required for sale without subjecting that which composed the fountain for supply to seizure and forfeiture. By another transposition and use of the language, the sense in which it was probably intended to be used, will be exhibited. " That spirituous or intoxicating liquors are kept or deposited and intended for sale" " in said city or town," " in any store, shop, warehouse, or other building or place."

. It is not, therefore, necessary to aver in the complaint, that the liquors are intended for sale in the shop or other building in which they are kept or deposited.

2. The language used in the complaint, as descriptive of the place of deposit, is recited in the warrant. It is described as " a certain building situated in Plum street, called a shed ;" and the officer is commanded to enter and search " the shed before named."

There might be several sheds situated on that street, and the officer would be authorized to search any one of them, and all of them would therefore be liable to search. If the command had been to search a certain building situated in Fore street, called a shop, all the shops situated on that street might have been subjected to search.

The constitution declares that " no warrant to search any place, or seize any person or thing shall issue without a special designation of the place to be searched, and the person or thing to be seized. When a designation so limited and special, as to distinguish the place or thing from all others of the like kind, cannot well be made, it should not be required. There can be no difficulty experienced in practice, if such a designation of the place be required as would, if used in a conveyance, be sufficient to describe and convey it. That cannot be considered as a special designation of the place, which, if used in a conveyance, would not convey it, and which would not confine the search to one building or place. The complaint and warrant were, therefore, defective, and the search was unauthorized.

It is insisted in argument, that there is no such special de-

signation of the thing to be searched for and seized, as the provisions of the constitution require ; that liquors not intended for sale must be seized by virtue of such a warrant when found in a warehouse or building with those intended for sale ; that such has been and must continue to be the effect, when liquors intended for sale, and not intended for sale, are found in the warehouse of a railway or in the hold of a vessel ; that to prevent this, a more limited and special designation of the liquors should be required, in conformity to the provisions of the constitution ; that the particular kind of liquor should be designated ; that a description by the use of generic terms is not a special description.

The question, whether such a general description can be allowed, is not unattended by serious difficulties. It must be admitted that liquors, not intended for sale and not liable to forfeiture, may be seized by virtue of such a warrant, when found in the same building or place in which those intended for sale are deposited. It is difficult to perceive how such a result can be prevented by a more limited or special designation. If the liquors were designated by the use of the terms brandy, rum, gin, whiskey and wine, with a further description of being contained in a hogshead, pipe, barrel, or other cask, and with a limitation of each kind to a particular description of cask or vessel, there might be found other brandy, rum, gin, whiskey and wine, in like casks or vessels, and in the same building or place, and not intended for sale, and which might be seized by virtue of a warrant, in which the liquors to be seized were attempted to be thus more particularly designated. If a warrant should be issued to search for stolen goods, designated as bales of cotton cloth, other bales of cotton cloth of like appearance, and not stolen, might be found in the building or place designated, and be seized.

It has been contended that these difficulties might be avoided, by distinguishing the property to be searched for, from other property of the like kind, by a statement or averment that the property to be searched for was owned by a particular person. It is no part of the description of an article to

state by whom it is owned. The special description required by the constitution, could not have been intended to include an historical account of the article. It may often be found difficult, if not impossible, to describe articles stolen, or liquors intended for sale, so perfectly that they can be easily distinguished by an officer having no previous knowledge of them, from others of a similar kind, not stolen or not intended for sale.

The administration of law is occasionally, and perhaps unavoidably, so imperfect that innocent persons may be subjected to inconvenience and expense by official acts and processes designed for the punishment of the guilty. If liquors not intended for sale, or goods not stolen, should be seized by virtue of such a warrant, the owner would be enabled to procure their restoration, by the adoption of proper measures to accomplish the object. Such a designation of the thing to be seized could not have been intended to be required, as would prevent any effectual search for stolen or other secreted goods. There may be different kinds of spirituous liquors, which, to the eye of an observer, would present the like appearance, and if no warrant to seize them, when thus seen, could be issued without a designation of the particular kind of liquor, it would often be very difficult, if not impossible, to execute the law. If goods or liquors should be required to be designated by marks upon the casks, vessels, boxes, or bags containing them, searches and seizures of them might often be prevented by an obliteration or removal of the marks. If a designation by the species and not by generic terms were required, the difficulties alluded to might not be avoided, for others might be found in the same warehouse or place, of a like species and appearance.

That provision of the constitution was designed to prevent unreasonable searches and seizures, but not to prevent the accomplishment of any useful purpose, by searches and seizures. It could not have been the intention of the framers of the constitution to require a designation of the thing to be searched

for, so special and particular as to prevent the accomplishment of any beneficial purpose by a search-warrant.

The Court is not satisfied that the complaint and warrant ought to be considered as illegally made and issued, because the thing to be searched for was not more specially designated. The Judge of the District Court was not obliged to decide these questions on a motion to dismiss the complaint. If the exceptions were overruled, these matters might be immediately presented for the decision of this Court, by a motion in arrest, and it has been thought best to examine them.

3. The return of the officer made to exhibit the time and manner of advertising the liquors seized, is too defective to authorize a decree of forfeiture based upon it. It does not state how long they had been advertised, or that the notice posted contained the number or any description of the packages.

The twelfth section of the Act requires, " that the liquors should be advertised for two weeks, by posting up a written description of them, containing the number and description of the packages as near as may be." Such a return may authorize a decree of forfeiture, when no claimant appears ; but no such decree can properly be made, until it appears that they have been advertised as the Act requires.

4. The jury appear to have been impanneled in form for the trial of a person accused of crime, and they found a verdict of guilty.

The complaint contains no averment that the liquors were deposited or kept by the claimant, or that they were intended for sale by him. His name is not mentioned in it. No person can be put on trial for an offence without any written complaint or charge made against him, that he has committed one. The whole proceedings in this respect were irregular and unauthorized. The verdict appears to have been found without any issue framed, upon which it would rest. There does not appear to have been any finding of the jury, that the liquors were kept or deposited and intended for sale, as alleged

in the complaint, which was the only matter that could have been properly submitted to them.

5. The judgment or decree of the Municipal Court, declaring the liquor to be forfeited, appears to have been made upon such proof only as was exhibited by the complaint and warrant, with the returns of the officer, and upon the absence of any proof of certain facts named in it.   This was vacated by the appeal, but as it presents the practical administration of the law, it will be useful to examine it, that the practice may be established.

Certain provisions of the eleventh section of the Act, if considered alone, would seem to authorize a judgment or decree upon inspection of such documents, and upon the absence of proof of the facts stated.   The section contains these words:   " And the owner or keeper of such liquors shall pay a fine of twenty dollars and costs, or stand committed for thirty days in default of payment, if, in the opinion of the Court, said liquors shall have been kept or deposited for the purposes of sale."

It could not have been the intention to have liquors claimed by any person, adjudged on a trial to be forfeited and destroyed without any legal proof whatever that they were intended for sale.   A construction of the Act which authorizes it would allow liquors which had just been purchased of an agent appointed by a city or town, for medicinal or mechanical purposes, to be seized, condemned, and destroyed, upon the affidavit of three persons, being voters, that they had reason to believe, and did believe, that they were kept and intended for sale ; for it would not be possible for such a purchaser to procure and introduce on trial, the proof required of him, as a claimant, to obtain their discharge.

The same proof which would, on a trial, be sufficient to authorize a decree that the liquors should be destroyed, appears by the Act to have been regarded as sufficient to authorize a sentence or judgment, that the person who had kept them for sale, should pay a fine of twenty dollars.   There is no provision for a distinct and separate trial of the liquors and

of the keeper of them for sale. No such fine can be imposed upon the keeper or owner, until the Court has formed an opinion that the owner or keeper kept them for sale. That opinion must be an official and judicial opinion ; and no Court can form such an opinion without proof of the fact, that the liquors were kept for sale by the owner or keeper of them. An affidavit made by three persons, not as testimony on the trial, but for the purpose of obtaining a warrant, that they have good reason to believe, and do believe, that the liquors were intended for sale, does not afford the least legal proof of the fact to be established on trial, that they were intended for sale.

The facts that the liquors were kept or deposited in the city or town, and intended for sale there, must be proved by legal testimony, introduced on trial, to sustain the prosecution.

To allow a fine to be imposed upon a person, without proof from witnesses introduced on trial, would be to permit an open violation of the provisions of the sixth section of the first article of the constitution, which declares, that in all criminal prosecutions, the accused shall have a right " to be confronted by the witnesses against him."

The exceptions are sustained. The proceedings being too defective and irregular to be sustained, are quashed, and the liquors are restored to the claimant.