No. 9846.

FORD *v.* KOLB ET AL.

TAXES.—*Tax Title.— Description of Lands Sold.—Lien.—Onus Probandi.*— Where, by reason of indefinite description of the lands sold for taxes, the title of the purchaser fails, and he seeks, under section 257, 1 R. S. 1876, p. 129, to enforce a lien upon a definite tract for the money paid by him and interest, the burden is on him to prove that such tract was intended to be sold for taxes.

From the Gibson Circuit Court.

*R. M. J. Miller,* for appellant.

*C. A. Buskirk,* for appellees.

BLACK, C.—The appellant sued for the purpose, as provided by section 257 of the act in relation to taxation, 1 R. S. 1876, p. 129, of quieting his title to certain real estate in the town of Princeton, Gibson county, in this State, to which he claimed title by virtue of a tax deed.

Issues were formed, which were tried by the court; finding and judgment for the defendants, the appellees.

The court overruled a motion for a new trial, the causes stated in which were, that the finding was contrary to the evidence and contrary to law. The overruling of this motion is alone assigned as error.

On the trial the appellant introduced as evidence the deed of the auditor of said county, substantially in the form prescribed by section 224, 1 R. S. 1876, p. 123. It was stated in the deed that none of the saving clauses of section 206 of said act applied to the real estate conveyed. The deed was executed on the 30th of May, 1879, to the appellant, as assignee of a certificate of purchase issued to one David W. Hodges, dated February 8th, 1875, the sale having been made for taxes of 1873 and 1874, and former years. The real estate was described in said deed as follows: "The southwest corner of out-lot number four, in range number two, in the new survey of the town of Princeton, being all that part of said lot formerly or now owned by John P. Kolb."

The appellant also introduced certain tax receipts purporting to show the receipt of taxes for years subsequent to 1874, of Ludwig Kolb, Jr., in some instances by said Hodges, in other instances by the appellant, with written assignments to the appellant of those receipts purporting to show payments by said Hodges. The real estate was described in the receipts as, "Princeton, N. S. out-lot 4, R. 2, p't."

Appellant then introduced in evidence a warranty deed, executed by one George N. Jerauld and wife to John P. Kolb, in January, 1865, certified by the recorder to have been recorded in July, 1865. The real estate thereby conveyed, being in said county, was described as follows: " Commencing sixty feet east of the southeast corner of lot number four, in range number *two*, in new survey of Princeton, known as mill lot, thence north with the street one hundred and forty-eight feet six inches to a stake, thence east same distance to a stake, thence south same distance to a stake, thence west to beginning, being part of out-lot number four, range number two, new survey of Princeton."

Appellant also introduced a warranty deed of the same date as that just mentioned, purporting to be a conveyance by John P. Kolb and wife to Rebecca Waters of real estate in said county, described as follows: " Part of out-lot number four, in range number two, in the new survey of said town of Princeton, described as follows, to wit: Commencing at the northwest corner of the part of said lot this day conveyed to the said John P. Kolb by George N. Jerauld and wife, and running thence east one hundred and forty-eight feet six inches, thence south forty-nine feet six inches, thence west one hundred and forty-eight feet six inches, thence north forty-nine feet six inches to the place of beginning."

A witness for appellant, one Polk, testified that he was surveyor of said county ; that he knew the lot in Princeton which was commonly known as " Mill Lot; " that it was lot four, in range *one* of the town of Princeton, and lay directly west of lot four, of range *two*, of said town, there being a sixty-

foot street between them; that the southwest corner of lot four, of range *two*, was sixty feet directly east of the southeast corner of lot four, of range *one*, or "Mill Lot;" that John P. Kolb occupied the southwest corner of lot four, of range *two*, in 1865, and for some time afterward; that witness did not know how much of said lot said Kolb occupied; that David W. Hodges afterward occupied the same property; that the lots of which witness had been testifying were sometimes called the "new survey" of the out-lots of the town of Princeton, but they were not platted as such or called such in any recorded plat; that there were no other lots in said town in ranges, and that there was but one lot four, in range two, in said town.

Another witness for appellant testified that John P. Kolb occupied the southwest corner of lot four, range two, of said town in the latter part of 1865, and for some time afterward; that he, witness, did not exactly know how much said Kolb did occupy; that he sold off "some" on the north side, but witness did not know exactly how much; that said Hodges afterward occupied the same property which Kolb did, and that Kolb never owned any other part of said lot.

Seth Ward, a witness for appellees, testified that he knew the lot formerly occupied by John P. Kolb and afterward by David W. Hodges; that Hall & Ward had a mortgage for $300 on it, and also had a policy of insurance as mortgagees; that in the settlement of the partnership business of Hall & Ward, said mortgage and said policy were assigned to witness; that Hodges bought in the property at tax sale, and witness afterward sold and transferred to said Hodges the mortgage and the policy; that the house on the lot was afterward burned, and Hodges settled with the insurance company; and witness said he had an impression that he had been told by Hodges, at what time was not stated, that he got about $325 over and above what he had paid for taxes.

A mortgage purporting to have been given by John P. Kolb to Hall & Ward was introduced. The real estate was

described therein substantially as in said deed of Jerauld to Kolb. The mortgage bore date December 3d, 1866, and was given to secure the payment, March 1st, 1867, of $300, with interest, and was recorded December 11th, 1866.

This is said to have been all the evidence.

In his complaint, the appellant alleged, besides other things, that "a full and minute description of said real estate is as follows, to wit: A part of lot number four, in range number two, of the new survey of the town of Princeton, described as follows, to wit: Beginning sixty feet east of the southeast corner of lot number four, in range number *one*, in the new survey of the out-lots of the town of Princeton, commonly called the Mill Lot, and running thence north with the street ninety-nine and a half feet, thence east one hundred and forty-eight and a half feet, thence south ninety-nine and a half feet, thence west one hundred and forty-eight and a half feet, to the beginning; said last described property being owned and occupied by said John P. Kolb at the time of the assessment of said taxes and at the time the same became due."

At the beginning of the trial, when appellant offered the auditor's deed in evidence, the appellees objected to its admission, claiming that it was void, because the description of the property conveyed was indefinite; whereupon appellant admitted that said deed was not sufficient to maintain his title to the real estate, but proceeded, for the purpose of establishing a lien for the amount claimed to be due him, as provided in said section 257.

It was held by this court in *Cooper* v. *Jackson*, 71 Ind. 244, that in such a case as this the fact that the real estate was charged on the duplicate to another than the rightful owner, will not invalidate the title of the plaintiff, and that such fact, where for other causes it appears that the complainant's title is invalid, will not prevent the ascertainment of the amount due him and an order for the sale of the land in default of payment thereof, as provided by said section 257. It was held also, in that case, that when the land intended to be

taxed and sold is so indefinitely described that no title can pass by the sale, the purchaser is not thereby deprived of the other remedy just mentioned, provided by said section 257, and that if the fact that such land was not assessed for the payment of the taxes is a defence, the burden is on the defendant to show that fact.    See, also, *Parker* v. *Goddard*, 81 Ind. 294; *Sloan* v. *Sewell*, 81 Ind. 180.

Did the evidence here show real estate of a definite description which it was intended to sell and convey for taxes?

It was proved that a certain parcel of real estate, 148 feet square, was conveyed to John P. Kolb, its description in the deed being very clumsily worded, but the land being, perhaps, sufficiently shown by the evidence to be a square of that size, the southwest corner of which was the southwest corner of lot 4, in range 2, of said town.    Said Kolb was shown to have occupied the southwest part of lot 4 in range 2 aforesaid, after the date of this deed; but how much of the lot he occupied was not shown.    One witness testified that "he sold off some on the north side," when, to whom, or how much, was not stated, and that he never owned any other part of the lot.    It was also proved that the purchaser at the tax sale, appellant's assignor, occupied the portion which had theretofore been occupied by said Kolb, but how much of the lot was occupied by said purchaser was not shown.    A deed, appearing on its face to have been signed by John P. Kolb and his wife on the day on which said deed of Jerauld to Kolb was executed, and purporting to have been acknowledged before the same officer that took the acknowledgment of Jerauld and wife, was introduced, which purported to convey to Rebecca Waters forty-nine and one-half feet off the north side of the real estate which had that day been conveyed to said Kolb. Concerning this deed there was no evidence *aliunde*.    It was not shown that it was ever delivered or recorded, or that the grantee named therein, or any other person than Kolb and Hodges, had occupied any portion of the real estate conveyed to Kolb by Jerauld.    It was shown that, in 1866, about two

Ford *v.* Kolb *et al.*

years after said conveyance by Jerauld, Kolb and wife mortgaged to Hall & Ward all the real estate that had been so conveyed to Kolb. It can not, we think, be said to have been proved that Kolb was occupying all the parcel conveyed to him; for it was stated by one of appellant's witnesses that Kolb had sold off a portion of it. But it was not proved that at the time of the assessment of the taxes, or at the time of the sale, he owned, or that at any time he occupied, the definite portion described in the complaint, or any definite portion.

To subject the real estate to appellant's demand it was necessary to prove definitely what real estate should be so subjected. There could be no recovery against one as the owner of the land with an order of sale for the payment of the claim, without ascertainment of his ownership of certain land intended to be sold for taxes.

The burden being upon the plaintiff, we must, under such a showing of the evidence, sustain the action of the trial court.

The evidence that a policy of insurance, held by said mortgagees as such, had been assigned to Hodges, together with the mortgage, and that, the house insured having been destroyed by fire, Hodges had said that, on settlement with the insurance company, he had received about $325 above the amount he had paid for taxes, appears to have been introduced without objection. No brief for the appellees has been filed, and we are not advised of the purpose for which this evidence was introduced. There was a paragraph of answer in which the receipt of money by Hodges under a policy of insurance was pleaded. Whether or not that paragraph presented a good defence, which is a question not before us, this evidence did not tend to sustain it; and we can see no reason why such evidence should affect appellant's case. But, for the failure of proof above indicated, we think the judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion it is ordered that the judgment be affirmed, at appellant's costs.