PEOPLE *v.* URBAN.

SEARCHES AND SEIZURES—DESCRIPTION OF PREMISES—SUFFICIENCY.
   Where a warrant to search defendants' private dwelling,
   barn, and outbuildings for intoxicating liquors designated
   a definitely ascertainable place in terms of reasonable
   certainty, it was not void because the particular descrip-
   tion gave it as "the east 50 acres of the west half of the
   northwest quarter of section 16," situated in a certain
   township and county, whereas in fact it was the east 50
   acres of the south half of the northwest quarter of said
   section, township, and county.

Exceptions before judgment from Lapeer; Williams,
(William B.), J.    Submitted June 13, 1924.    (Docket
No. 91.)    Decided July 24, 1924.

Joseph Urban was convicted of violating the liquor
law.    Affirmed.

*Albert H. Perkins,* for appellant.

*George W. Des Jardins,* Prosecuting Attorney, for
the people.

CLARK, C. J.    On exceptions before sentence, re-
versal of conviction of Joseph Urban under the pro-
hibition law is sought, on the ground that the search
warrant, under which search was made and intoxicat-
ing liquor seized, was void, and that the evidence so
procured was therefore inadmissible.    An affidavit
was filed with a magistrate for warrant to search—

"a wooden house, barn and outbuildings located on
the following described parcel of land, viz.:    The east
fifty acres of the south half of the northwest quarter
of section 16 situated in the township of Mayfield, said
county and State, and occupied by one Joseph Urban.

That said building is a private dwelling house occupied as such.     That intoxicating liquors are manufactured and sold in said dwelling house, and that said dwelling house is a place of public resort."

The warrant issued to search—

"dwelling house, barns, outbuildings, and premises described as the east 50 acres of the west half of the northwest quarter of section 16 of the said Joseph Urban and situated in the township of Mayfield in the county aforesaid."

Defendant's dwelling was located in section 16 of said township.     It was upon the particular description set forth in the affidavit, and not upon the particular description set forth in the warrant.     In principle, the case is ruled by *People* v. *Flemming,* 221 Mich. 609.     In that case there was an error in describing the lot by number, but there was a particular description of the dwelling itself, because of which the warrant was sustained.     In rural communities, homes are known commonly by the name of the owner or occupant, not by street number, lot number, or technical description.     The dwelling of Joseph Urban in section 16 in the township of Mayfield, Lapeer county, to the people of that community was a known place.     There such description designated a definitely ascertainable place in terms of reasonable certainty. To the officer, the technical part of the description of defendant's premises seems to have meant nothing. But he knew, as did others in that community, certainly what was meant by the words, dwelling of Joseph Urban in section 16 of the township of Mayfield, Lapeer county, and he went directly to the place. Practically, the warrant follows the affidavit as to the place to be searched.     Technically, it does not. We decline to hold the warrant void because of the difference in technical description.     See, also, *People* v. *Lienartowicz,* 225 Mich. 303; *McSherry* v. *Heimer,*

132 Minn. 260 (156 N. W. 130). In an urban community, where homes are known by street numbers, a different rule has been applied. See, *People* v. *Musk*, 221 Mich. 578.

Conviction affirmed. Cause remanded for judgment.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.