## TONGUT v. STATE OF INDIANA.

[No. 24,550.  Filed April 21, 1926.]

1. CRIMINAL LAW.—*Refusal of trial court to set aside order overruling motion to suppress evidence, in order that jurat to affidavit verifying the motion might be corrected, was not abuse of its discretion when defective affidavit had been on file from May until following September.*—The refusal of the trial court to set aside an order overruling a motion to suppress evidence, in order that the jurat to the affidavit verifying the motion might be corrected, the ruling being based on a defect in said jurat, was not an abuse of its discretion where the affidavit had been on file from May until the following September. p. 541.

2. SEARCHES AND SEIZURES.—*Affidavit for search warrant in the form prescribed by statute (§2086 Burns 1926, §1924 Burns 1914) is sufficient.*—An affidavit for a search warrant in the form prescribed by statute (§2086 Burns 1926, §1924 Burns 1914), that affiant "believes and has good cause to believe," etc., is sufficient.  p. 542.

3. SEARCHES AND SEIZURES.—*Description of real estate to be searched, which includes well-known abbreviations, held sufficient.*—A description of the real estate to be searched, which includes well-known abbreviations, such as "sec." for section, "Tp." for township, "E. ½ N. E. ¼" for the "east half of the northeast quarter," is sufficient in the affidavit for a search warrant and in the warrant.  p. 542.

4. SEARCHES AND SEIZURES.—*Description of place to be searched by section, township and range, together with the name of the farm, held sufficient.*—A description of the place to be searched as "the Coble Farm, in section 17, township 12, range 4, being 72.5 acres in the east half of the northeast quarter in Cloverdale township," *held* sufficient in the affidavit and the search warrant.  p. 542.

Tongut v. State—197 Ind. 539.

5. SEARCHES AND SEIZURES.—*Description in affidavit of place to be searched as an entire farm of seventy-two and one-half acres was not too indefinite.*—A description in the affidavit of the place to be searched as an entire farm of seventy-two and one-half acres was not too indefinite where there was no intimation that the farm consisted of more than one tract or that any part of it was not occupied or controlled by the party named as the occupant. p. 543.

6. SEARCHES AND SEIZURES.—*Immunity from unreasonable search is a personal privilege, and party cannot successfully object to search of another's premises unless his own privacy is invaded.*—Immunity from unreasonable search is a personal privilege, and a party cannot successfully object to a search of the premises of another so long as it does not unlawfully invade his own privacy. p. 543.

7. SEARCHES AND SEIZURES.—*Accused cannot complain that parts of still found on adjoining farm, which was searched without a search warrant, were improperly introduced in evidence as only the owner or occupant thereof could object to such search.*—One accused of having possession of a still for the manufacture of intoxicating liquor cannot complain that parts of a still found in a search without a warrant of an adjoining farm was improperly introduced in evidence, as the owner or occupant of such farm is the only one that can object to such search. p. 543.

8. SEARCHES AND SEIZURES.—*Search warrant may issue to find and seize instruments used in commission of a felony before prosecution is commenced against guilty party.*—Where a felony is actually being committed, it is not necessary that the guilty party be identified and a prosecution commenced against him before a search warrant may issue to find and seize the instruments that are being used in its commission. p. 545.

9. INTOXICATING LIQUORS.—*Search warrant may be issued for still used in manufacture of intoxicating liquor though no prosecution has been commenced for having possession of the same.*—A search warrant may be issued for a still that is being used in the manufacture of intoxicating liquor although no prosecution for having possession of such still has been commenced. p. 545.

10. INTOXICATING LIQUORS.—*Evidence of finding still and "mash" on second search of defendant's premises under same warrant held incompetent where first search had been completed, although no return of such warrant had been made.*—In a prosecution for having possession of a still for the manufacture of intoxicating liquor, evidence of finding still and "mash" on a second search of the defendant's premises under the same warrant was incompetent, where the first search

had been completed, although no return of the search warrant had been made.   p. 546.

From Putnam Circuit Court; *Thomas W. Hutchinson*, Special Judge.

Michael Tongut was convicted of possessing a still for the manufacture of intoxicating liquor, and he appeals.   *Reversed.*

*Willis Hickam, Sr.,* and *Willis Hickam, Jr.,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

EWBANK, C. J.—Appellant was convicted of possessing a still intended for use in violation of the prohibition law.   Overruling his motion for a new trial 1. is assigned as error.   By a motion made before the jury was sworn, appellant sought to suppress certain evidence that had been obtained by an alleged illegal search of his premises.   The motion was filed on May 28, 1923, and was overruled on the twenty-seventh of the following September, for the reason, among others, that the clerk of the court before whom appellant claims to have made oath to the facts on which the motion was based, after the words "subscribed and sworn to" which appeared at the bottom of the page in the form of affidavit used, had merely written "attest" and signed his name, with the designation "clerk," instead of attaching a formal jurat and affixing the seal of the court.   After the ruling had been made appellant moved to set it aside, and for leave to amend the jurat, claiming inadvertence and surprise.   But since the affidavit thus imperfectly certified had been on file from May until September before the motion was ruled on, we do not think the trial court abused its discretion in refusing to set aside the ruling in order that the jurat might be corrected.

By proper objections to the evidence introduced and exceptions to the rulings by which it was admitted, appellant has challenged the legality of a search 2. made by the sheriff under authority of a search warrant, the validity of which is also attacked. It is first objected that the search warrant was invalid because, it is asserted, the affidavit filed with the mayor of Greencastle on which the search warrant issued was insufficient, as matter of pleading, to authorize its issuance by reason of being drawn in the form prescribed by statute. The objection is not well taken. *Snedegar* v. *State* (1926), 198 Ind. ——, 150 N. E. 367.

Appellant also complains that the place to be searched was not sufficiently described in the affidavit and search warrant. In describing the real estate the war-3, 4. rant employed abbreviations in common use, the meaning of which is within the judicial knowledge of the court. *Frazer, Trustee,* v. *State* (1886), 106 Ind. 471, 473, 7 N. E. 203; *Jordan Ditching, etc., Assn.* v. *Wagoner* (1870), 33 Ind. 50. Making use of such abbreviations in setting out the description, the affidavit charged that appellant had in his possession (among other things) stills, implements, devices and property kept for the purpose of manufacturing intoxicating liquor intended for use in violation of law, "on what is known as the Coble farm, in section 17, township 12, range 4 (being) 72.5 acres in the east half of the northeast quarter in Cloverdale township of Putnam of said county and state," and the warrant directed a search to be made of the place thus described. This description clearly pointed out and sufficiently designated the particular tract of seventy-two and one-half acres intended. It would be sufficient in a deed to convey that specific parcel of real estate, which is the test of certainty proposed by some authorities. *Rose* v. *State* (1909), 171

Ind. 662, 17 Ann. Cas. 228, and authorities cited on page 668.

Neither do we think the mere fact that the "place" described consists of an entire farm of seventy-two and one-half acres makes the description too indef-

5. inite. It was affirmatively charged that the tract constitutes a single farm, and that whatever stills and other devices for violating the law were thereon in the possession of appellant. Many warrants authorizing the search of a tract of land held in a body by a single occupant have been held valid. McSherry v. Heimer (1916), 132 Minn. 260, 156 N. W. 130 (block containing five acres) ; State v. Hesse (1922), 154 Minn. 89, 191 N. W. 267 (quarter section) ; State v. Ditmar (1925), 132 Wash. 501, 232 Pac. 321 (a tract of land— that part of the farm on which were located the dwelling house, barn and outbuildings) ; Reutlinger v. State (1925), 234 Pac. (Okla. Crim. App.) 224 (ranch containing 2,160 acres) ; People v. Urban (1924), 228 Mich. 30, 199 N. W. 701 (fifty acres off the south half of the northwest quarter of section 16, in township of N. T. occupied by J. U.) ; Hornig v. Bailey (1882), 50 Conn. 40 (a wooden building at a certain location, occupied by H. and garden attached thereto, and occupied as a place of public resort). And there is no intimation in the record that the "Coble farm" described in the affidavit and search warrant consisted of more than one tract, or that any part of it was not occupied and controlled by appellant. The description was not insufficient.

It is next insisted that part of the apparatus alleged to have been kept for the purpose of distilling whisky, which was found and seized by the officers, was

6, 7. discovered on an adjoining farm not owned or controlled by appellant, and not described in the

search warrant. There was evidence that a lid and coil which fitted upon the "can" taken from appellant's house, and together with other parts found there combined to constitute a complete still, were found buried in the leaves thirty or forty yards or steps (other witnesses said rods) west of appellant's barn, at a place reached by following a path from the barn. If the place they were found really was on the farm of another (as to which the evidence was conflicting, however) and that other person offered no objection to the search and seizure, and made no objection to the use of the lid and coil as evidence, appellant will not be heard to complain because his neighbor's premises were searched without a proper warrant. Immunity from unreasonable search is a personal privilege, and a party cannot successfully object to a search of the premises of another, so long as it does not unlawfully invade his own privacy. *Keith* v. *Commonwealth* (1923), 197 Ky. 362, 247 S. W. 42; *Weber* v. *Commonwealth* (1924), 202 Ky. 499, 260 S. W. 1; *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849, and authorities cited; 24 A. L. R. 1425n. And, if appellant, keeping a barrel of "mash" and parts of a still on his own farm, carried other parts of the still over upon his neighbor's land and buried them in the leaves there, it is only the neighbor, and not the appellant, who can be heard to object in case the place where they were so buried was searched without a proper warrant.

The description of the property to be searched for and seized as "stills, implements and devices intended for use in violation of the laws of this state" was sufficiently specific to authorize the seizure of a copper still with conical top and coil that fitted upon it, if any such still was found.

Where a felony is actually in process of being committed, it is not necessary that the guilty party be

identified and a prosecution commenced against 8, 9. him before a search warrant may issue to find and seize the instruments that are being used in its commission. And the possession of such a still as was described in the search warrant being a felony, an affidavit charging that appellant had one in his pos-session at a designated place was sufficient to authorize the issue of a search warrant, without reference to whether a criminal prosecution against him for that offense had or had not been commenced. §§2085, 2086, 2087, 2089 Burns 1926, §§1923, 1924, 1925, 1927 Burns 1914, §§56, 57, 58, 60, ch. 169, Acts 1905 p. 584.

One of the alleged grounds of objection to certain evidence was "that the same (search) warrant had been served once on May 21st, when some of the property was found but none was seized, and again on May 27th, at the time the same articles were found in the same place, and some (elsewhere, which were) * * * then seized; that there was no service of the warrant when the property was seized; that the search was then made at a time when the defendant and all his family were absent from home," and that it was only by means of such latter search that the evidence objected to was obtained. This objection (several times repeated) was overruled, and evidence shown without dispute to have been obtained by a second search, made when appellant and his family were away from home, was admitted, to which appellant excepted. The undisputed evidence was to the effect that the search warrant was issued on May 21, 1923, and that certain officers, including a prohibition officer, a city marshal, and a deputy sheriff, duly served it upon appellant and made a search of his premises, finding only a round copper boiler or can, about eighteen inches deep, and a hydrometer which had been broken and imperfectly mended. It does not

appear that this search was interrupted or interfered with in any way, and, at its conclusion, the officers took and carried away the broken hydrometer, but nothing else. That the following Sunday, which was May 27, the city marshal, the deputy sheriff who had assisted in the first search, and another deputy sheriff, went again to the home of appellant with the same search warrant, which had not been returned, and finding nobody there, made a more extended search, following a path to the edge of a woods and scraping away the leaves, and the witnesses for the state testified that this time, partly on an enclosed porch of the dwelling house, partly in a barn lot, and partly buried in some leaves in the woods, parts were found which were fitted together with the copper "can," and that the "can" and the parts so fitted upon it constituted a complete still; that they also found a barrel of "mash" that was "working," and a vessel that "had contained whisky"; though the witnesses for defendant offered an innocent explanation of everything found except the parts buried under the leaves, which they said were found across the line on an adjoining farm, and had never been used, kept or seen by appellant. One of the officers testified that they had information, before they went back the second time, where to find the lid and coil.

The question presented for decision is whether or not a search warrant which had been served by the proper officers on the occupant of premises therein described, and had been used in making a search of those premises that was fully completed and was followed by the seizure of articles found there, but of which no return had been made, could authorize some of the officers who made that search, with other deputies, to return and search those premises a second time five or six days later, on receiving further information as to where they might find articles such

as the warrant described; and whether the things they found and seized when making the later search, and testimony as to what they observed while making it, were competent. On the authority of a recent decision of this court and of the cases therein cited, we must and do answer that question in the negative. *McDaniel* v. *State* (1925), *ante* 179, 150 N. E. 50.

, For error in the admission of this evidence, the judgment is reversed, with directions to sustain defendant's motion for a new trial.

## CONCURRING OPINION.

WILLOUGHBY, J.—I concur in the reversal of the judgment in this case for the following reasons: The objection to the evidence procured by the search warrant should have been sustained because the same search warrant had been served once on May 21, when some of the property was found, but none was seized, and again on May 27, when the same articles were found in the same place and some were found elsewhere, which were then seized. And the evidence obtained at the latter search was admitted over the objection of the defendant.

A search warrant which has once been served on the occupant of the premises therein described and had been used in making a search of those premises that was fully complete, and was followed by the seizure of the articles found there, and of which no return had been made, did not authorize some of the officers to return and search those premises the second time five or six days later. *McDaniel* v. *State* (1925), *ante* 179, 150 N. E. 50.

The place to be searched was not sufficiently described either in the search warrant or in the affidavit upon which the search warrant was issued. The affidavit is set out in the search warrant and alleges that the ap-

pellant has in his possession intoxicating liquor, being then and there possessed, sold, bartered, and given away as a beverage and being then and there kept for the purpose of being sold, bartered, used and given away in violation of the laws of this state, and has in his possession stills, implements, devices and property kept for the purpose of the manufacture of intoxicating liquors, intended for use in violation of the laws of this state, at the following premises, on what is known as the old Coble farm in section 17, township 12, range 4, 72.5 A. E. ½ of N. E. ¼ in the Cloverdale township of Putnam of said county and state.

The search warrant proceeds as follows: "YOU ARE THEREFORE COMMANDED, in the name of the State of Indiana, with the necessary and proper assistance, in the daytime or in the nighttime, to enter into the premises described in said affidavit and there diligently search for the said intoxicating liquors and said stills, devices and property kept for the purpose of manufacturing intoxicating liquors, as aforesaid, and that you bring the same or any part thereof found on such search, together with the vessels in which such intoxicating liquors are contained, and all the implements, fixtures, devices and property used or kept for such illegal selling, bartering, giving away or manufacture of such intoxicating liquors, and all books, papers, bills, documents, and letters relating to such liquors, implements, devices and supplies, and manufacture of such liquors forthwith before me, at my office, to be disposed of according to law. Given under my hand and seal of the court, this 21st day of May, 1923.

"(Signed)    Charles F. Zeis."

In *State* v. *Robinson* (1852), 33 Me. 564, the court held that the requirements of the constitution in refer-

ence to search warrants that, "special designation of the place to be searched" shall be made is not answered by words which, if used in a conveyance, would not convey it, and which would not confine the search to one building or place. The court in that case said: "The constitution declares that 'no warrant to search any place, or seize any person or thing shall issue without a special designation of the place to be searched, and the person or thing to be seized. When a designation so limited and special, as to distinguish the place or thing from all others of the like kind, cannot well be made, it should not be required. There can be no difficulty experienced in practice, if such a designation of the place be required as would, if used in a conveyance, be sufficient to describe and convey it. That cannot be considered as a special designation of the place, which if used in a conveyance would not convey it, and which would not confine the search to one building or place.'"

In *Sullenger* v. *Baecher* (1913), 55 Ind. App. 365, which was a suit upon a tax deed, the description of the land was as follows: Part of survey 17, township 1, range 10, consisting of 100 acres, in Johnson township, Knox county, Indiana, and was held insufficient to convey title because it was not sufficient to indicate what part of the survey 17 was covered by the description. The court said: "No surveyor from this description alone would be able to locate and identify the particular tract intended, for the reason that 100 acres of land laid off any place within the survey would meet and comply with all of the terms of description." See *Cooper* v. *Jackson* (1880), 71 Ind. 244; *Ball* v. *Barnes, Aud.* (1890), 123 Ind. 394; *Armstrong* v. *Hufty* (1899), 156 Ind. 606; *Brown* v. *Reeves & Co.* (1903), 31 Ind. App. 517; *Green* v. *McGrew* (1905), 35 Ind. App. 104, 111 Am. St. 149; *Reed* v. *Earhart*,

*Exr.* (1882), 88 Ind. 159; *Ford* v. *Kolb* (1882), 84 Ind. 198.

The description used in the affidavit and search warrant would not have been sufficient in a deed for real estate to convey title to it.

The place to be searched was not sufficiently described, either in the affidavit or search warrant and the search warrant was therefore void. *Flum* v. *State* (1923), 193 Ind. 585; *State* v. *Phipps* (1924), 194 Ind. 459.