## MILLER v. STATE OF INDIANA.

[No. 13,576. Filed March 27, 1929. Rehearing denied June 27, 1929.]

*Walterhouse & Miller*, for appellant.

*U. S. Lesh*, Attorney-General, and *Ethan A. Miles*, for the State.

ENLOE, C. J.—The appellant was tried and convicted in the Delaware Circuit Court of a violation of the liquor law, from which conviction this appeal is prosecuted.

The affidavit upon which appellant was tried, and each count thereof, was sufficient, and the court did not err in overruling the motion to quash the same, or in overruling the motion in arrest of judgment.

It appears from the record that on December 31, 1923, upon affidavit duly made and filed, a warrant was issued directing the officers to search the premises of one Andy N. Miller, 417 Ohio avenue, Muncie, Indiana, for intoxicating liquors and implements used in their manufacture. The search was made, and the officers seized 323 pint bottles of "home brew beer," two "capping machines" and some white whisky. Andy N. Miller was arrested and, with the articles seized, was taken to the police station. The appellant, as appears by the record, followed the officers to the police station and there told the officer in charge that the articles which had been seized belonged to him, and he was then placed under arrest. He was tried and found guilty in the city court and he then appealed to the circuit court. In the circuit court he filed a motion to suppress all evidence, etc. This motion was overruled. There was no error in this ruling. The appellant was a stranger to the search-warrant proceedings; he was not the owner of the premises searched, and immunity from unreasonable search is a personal privilege to the owner of such prem-

ises, and may be waived.  *Tongut* v. *State* (1926), 197 Ind. 539, 152 N. E. 427.   We find no error.

Affirmed.