PEOPLE v WESTRA

Docket No. 98725. Decided June 7, 1994. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, and reinstated the defendant's conviction.

Steven Westra pleaded guilty in the Kent Circuit Court, Michael R. Smolenski, J., of possession of marijuana with intent to deliver. The Court of Appeals, Neff and C. C. Schmucker, JJ. (White, P.J., dissenting), reversed in an unpublished opinion per curiam, because the search warrant that led to the seizure of the critical evidence listed an incorrect address for the house in which the defendant's apartment was located (Docket No. 157258). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice Cavanagh, and Justices Brickley, Boyle, Riley, Griffin, and Mallett, the Supreme Court *held:*

Because the warrant otherwise accurately described the place to be searched and because the police had made considerable efforts to ascertain the address, the defect in the warrant listing an incorrect address did not require suppression of the evidence.

The constitutionality of police conduct must be judged in light of the information available to them at the time they act. The police in this case made reasonable inquiry into the defendant's address before executing their search, and the search warrant, though technically defective, was not invalid.

Reversed.

Justice Levin, dissenting, would not reverse the judgment of the Court of Appeals by per curiam opinion, but would grant leave to appeal.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Melody R. Leavenworth,* Assistant Prosecuting Attorney, for the people.

PER CURIAM. The Court of Appeals reversed the defendant's conviction (based on a conditional guilty plea) of possession with intent to deliver marijuana because the search warrant that led to the seizure of the critical evidence listed an incorrect address for the house in which the defendant's apartment was located. Because the warrant otherwise accurately described the place to be searched and because the police had made considerable efforts to ascertain the address, this defect in the warrant did not require suppression of the evidence.

The evidence at the hearing on the motion to suppress indicated that the police had had defendant's residence under surveillance for over a month and that purchases of marijuana had been made by an informant several times. As a result, officers secured a search warrant that described the premises as follows:

> The entire apartment located at *242 National, N.W., Apt. No. 2,* City of Grand Rapids, County of Kent, State of Michigan further described as being a blue wooden framed 2 story multi-dwelling residence . . . . [Emphasis added.]

In fact, the defendant's apartment was Apartment No. 1 in 246 National, which was next door to 242 National. Both structures were painted blue, and from the copies of photographs admitted into evidence at the hearing, they are quite similar in appearance.

The building in which the defendant's apartment was located in fact had the numerals "246" beside the front door, but from the manner in which they were painted, they could not be read by the officers from the street, and they were reluctant to approach the house for fear of alert-

ing the suspect. They attempted to obtain the address by looking in a directory, and by going so far as to check with the Secretary of State's office regarding the defendant's address using his car registration. Defendant had previously lived at 242 National and had not informed the Secretary of State about his change of address in the two years that he had lived at 246 National.

We agree with the dissenting judge in the Court of Appeals that in the circumstances of this case, suppression of the evidence was not required:

> In [*People v Urban,* 228 Mich 30; 199 NW 701 (1924)], the warrant description, although inaccurate, when taken together with the affidavit and the knowledge of the police officers, was held adequate to define the premises to be searched. . . .
>
> In cases such as these, the constitutionality of police conduct must be judged in light of the information available to them at the time they acted. *Maryland v Garrison,* 480 US 79, 85; 107 S Ct 1013; 94 L Ed 2d 72 (1987). I agree with the lower court that the police made reasonable inquiry into defendant's address before executing their search, and that the search warrant, though technically defective, was not invalid.

Accordingly, we reverse the judgment of the Court of Appeals and reinstate the defendant's conviction.

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I would not reverse the Court of Appeals judgment by per curiam opinion, but, rather, would grant leave to appeal.