### UNITED STATES v. HARVEY et al.

(District Court, W. D. Washington, N. D. March 29, 1924. On Motion for Rehearing, April 15, 1924.)

#### No. 8331.

Intoxicating liquors ☜248—Affidavit giving legal description sufficient, though popular description different.

Affidavit for search warrant by prohibition agents, describing premises as No. 1608 B. avenue, the legal number, was sufficient, though the place was marked 1608½.

Prosecution by the United States of America against Charles V. Harvey and another. On motion to suppress evidence. Motion denied.

C. T. McKinney, Asst. U. S. Atty., of Seattle, Wash.

Adam Beeler, of Seattle, Wash., and J. M. Boyle, Jr., of Tacoma, Wash., for defendants.

NETERER, District Judge. On October 15, 1923, two affidavits for search warrants were filed by federal prohibition agents, stating,

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

among other things, that the defendants were in possession of intoxicating liquor fit for beverage purposes on the premises described. One affidavit described the premises as No. 1606 Boylston avenue; the other as No. 1608 Boylston avenue. Search warrants were issued based on such affidavits.

The premises searched are in a one-story, brick-faced garage building, erected in 1919 in front of a large two-story frame dwelling house, which had been constructed about 10 years prior. Over the door of the dwelling house appears the number "1608"; the house being situated on Boylston avenue, but the door not opening on such avenue, entrance to the dwelling house being over a walk along the north side of the garage. The base of the dwelling house is on a level with the roof of the garage, the dirt upon the lot on which the garage stands having been removed to the level of the avenue. The garage is divided into two rooms by a concrete wall in the middle, with an opening or entrance from one room to the other. One Fred Noel is the lessee of the garage, but physically occupies only room No. 1606, having sublet the other room. Upon the roof, above the door, extending over the south room, No. 1606, and more than two-thirds of the distance across the north room, is a large sign reading: "Noel's Brake Service. No. 1606." Immediately over the door in large letters appears the word "Brakes," and underneath that word, "Fred Noel— Phone East 478." Over the door of the other room is the caption: "Oakland Specialists." In both rooms are large glass double doors, provided for the entrance and exit of automobiles. Fifteen panes of glass are in each door, five panes high. Across the middle panes of the door to the north room are the figures "1608" and on the pane next to the figure "8" appears the figures "½." These figures are painted, the "½" being somewhat blurred. Ordinance 4635 of the city of Seattle provides that the numerical designation of all entrances to buildings, etc., following upon the avenues, streets, etc., are established in accordance with the following system:

"One whole number is allotted to each 25 feet frontage in each block, and where there shall be more than one doorway or entrance within twenty feet, '½' numbers shall be used."

There is only one door in the 20 feet of frontage allotted to 1608 Boylston avenue, and that door is the entrance to the north room of the garage, and upon which the figures "1608½" appear.

The defendant Harvey lived at 211 West Garfield street, not upon any of the premises involved. He was observed making deliveries of intoxicating liquor. His method of making deliveries was to carry the liquor in a long paper sack. He had been observed driving an automobile into the garage, No. 1606, and to enter the door immediately to the north of No. 1606. The premises at 1606 were searched, and also the room immediately to the north, officially described by the city ordinance as No. 1608, but which has painted upon it "1608½" with the "½" blurred, and eight cases of different brands of whisky and gin were found concealed in boxes and lockers. The defendant moves to suppress, for the reason that the affidavit for search war-

rant for No. 1608½ was insufficient, and that it did not describe the premises searched.

The description in the affidavit is the official designation of the property. The figures on the door are not controlling. The motion to suppress is denied.

### On Motion for Rehearing.

A popular description of premises does not control and supersede the legal description of premises in a search warrant. Legal description of property, enabling the officer to identify the property, is always sufficient in a search warrant, and controls. A popular description may be sufficient, if it enables the officer to discover and identify the property.

The motion for rehearing is therefore denied.