Anderson, Plaintiff in error, vs. The State, Defendant in error.

*February 11—March 8, 1927.*

*Searches: Description of premises: Failure to insert legal description: Sufficiency if premises are otherwise identified.*

1. Under sec. 11, art. I, Const., relating to search and seizure, a verified complaint forming the basis of a search warrant should be couched in language enabling the officer executing the warrant to identify the property to be searched with reasonable certainty. p. 355.
2. Since justices of the peace are constitutional officers, required to take an oath to support both the federal and state constitutions, it must be assumed that they are familiar with the provisions of both constitutions relating to searches and seizures. p. 355.

3. A complaint for a warrant to search for intoxicating liquor is *held* to describe sufficiently the premises to be searched, although it did not contain the name of the village in which the premises were located, but which name appeared in the warrant.   p. 357.

4. Physical facts appearing in a complaint describing the buildings on the premises to be searched, their appearance, form of construction, any marked characteristics, or the reference by names to the occupants of adjoining property, may describe the premises to a reasonable or even to an absolute certainty, although the legal description is entirely wanting.   p. 356.

Error to review a judgment of the circuit court for Marquette county: Chester A. Fowler, Circuit Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was convicted of the offense of having unlawfully in his possession privately distilled intoxicating liquor.   The action was started in justice court.   The defendant filed an affidavit of prejudice, and demanded a change of venue to the county court of Marquette county, pursuant to sec. 3 of ch. 450 of the Laws of 1921.   Such section reads as follows:

"Whenever any action, examination or other proceeding shall be removed from any justice of the peace of said county of Marquette upon the oath of the defendant, his agent or attorney, according to the provisions of law for such removal, if said defendant, his agent or attorney, shall request in writing to said justice that the action, examination or other proceeding be removed to the said county court, then the action, examination or other proceeding and all papers therein, shall be transmitted to the presiding judge thereof, who shall proceed with the action, examination or other proceeding in the same manner as if originally instituted before him."

It is conceded that the county court above mentioned had jurisdiction to try the defendant upon the offense charged in the complaint.   In connection with this action a verified complaint for a search warrant was made before the justice, who thereupon issued a search warrant, and in the search made

by the proper officers, pursuant to such proceedings, intoxicating liquor was found in the possession of the defendant.

Timely objection was made by defendant's counsel to the introduction of the search warrant and of the illicit liquor seized, upon the ground that the complaint and warrant were void and not in compliance with the state and federal constitutions on the subject of searches and seizures. This objection was overruled by the court.

The office of the justice was located in the village of Westfield, in Marquette county, and it is contended that the complaint was defective in that it did not describe the defendant's premises with sufficient particularity. The verified complaint of the plaintiff, upon which the search warrant was based, described the premises as follows, to wit: "North portion of building on north part of lot 1, block B. The other part of the building is occupied by Emil Mike. The place occupied by *Christ Anderson* consists of one room and a store room attached in rear, in said county. . . ." In the warrant the premises were described as: "North portion of building on north part of lot 1, block B—the other part of building is occupied by Emil Mike—the place occupied by *Christ Anderson* consists of one room and a store room attached in the rear, village of Westfield, in said county."

It will thus appear that the substantial difference between the description of defendant's premises as contained in the complaint and in the warrant consists of the addition to the warrant of the words "village of Westfield."

Upon the conviction of the defendant in the county court an appeal was taken to the circuit court, with the results above indicated.

Further facts will be stated in the opinion.

*Vincent F. McNamara* of Montello, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general,

and *K. J. Callahan,* district attorney of Marquette county, and oral argument by *Mr. Callahan* and *Mr. Messerschmidt.*

DOERFLER, J.  Sec. 11 of art. I of our state constitution, which is identical with the constitutional provision contained in the federal constitution, requires, among other things, that "No warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

It is contended by defendant's counsel that the complaint is defective, first, because it did not specifically mention the village where the illicit liquor was claimed to be possessed by the defendant; and second, that it did not with sufficient particularity describe the place.  The complaint properly alleged the county, but did not refer to the village.

The verified complaint, which forms the basis for the search warrant, should be couched in such language that the officer executing the warrant may identify the property to be searched, with reasonable certainty.  It may be conceded that the complaint is neither a work of art nor a model pleading.  Furthermore, it may also be conceded that this court would be better satisfied if, instead of the description as incorporated in the complaint, the justice had gone into minute details by describing the property to be searched by metes and bounds, in view of the concession made by the district attorney that the legal description is by metes and bounds.  But while justices of the peace are not ordinarily conversant with the technicalities of the law in this state, they are constitutional officers, and are required to take an oath to support both the federal and state constitutions.  Therefore, it must be assumed that they are familiar with the constitutional provisions on searches and seizures as contained in the fundamental law of the nation and of the state.  Facts may be alleged in a complaint which present to the mind a mental picture of premises, which in many instances may serve as a

better basis for identification than even a legal description by metes and bounds. Physical facts may be incorporated in the complaint, referring to the general material of which a building is constructed; the color used in the paint of the building generally; the color of the blinds and the trimmings of the windows and doors; the location of the chimneys; the porch or porches on the structure; the stairs, if any, leading to the main entrance; and these and other details may not only identify a particular building to a reasonable certainty but to an absolute certainty. The names of the occupants of adjoining buildings are also oftentimes persuasive of identity, especially where the names of such occupants are unusual and odd. Aside from the foregoing, if the business of an adjoining occupant or occupants is also included, additional marks of identity are established; and over and above all, if the rooms in the building to be searched are set forth with reasonable certainty, together with attachments thereto, and if the complaint contains an allegation that in the buildings so described illicit liquors may be found, we have a description which, in our opinion, satisfies the calls of both the constitutional and statutory provisions. Nor is it necessary, by any means, that all of the earmarks above referred to be present.

The complaint was made before a justice of the peace in the village of Westfield, in Marquette county. The village itself is not named in the complaint, but notwithstanding the failure to name the village, the fact that the complaint was made before a justice whose office is located in the village is some indication that the premises are contained within the village in which the office of the justice is located. While lot 1 in block B is non-existent, the fact that the property described is in accordance with the description as contained in the tax roll is some evidence that the property is known by the tax description. There is but one block B in the plat of the village proper. Two other blocks are known as block B,

Anderson v. State, 192 Wis. 352.

in the plat of the additions to the village. Therefore, inasmuch as the complaint does not refer to the additions to the village proper, the description is some evidence that the property intended to be searched is located in block B in the main plat of the village.

While it is conceded by the district attorney that the building described in the complaint consists of two separate buildings with a party-wall, the structures themselves present the appearance of one building, the north half being actually occupied by the defendant for the conduct of a public business, and the south half being occupied by Emil Mike. The name "Emil Mike" in itself constitutes rather a distinguishing feature for identification purposes by reason of its oddity and infrequency. Attached to the north part of the building is a shed, in which it is alleged in the complaint illicit liquors are stored. The existence of this shed and the finding of the illicit liquor therein, in addition to the other descriptive features, are so persuasive as to identify the premises almost to a certainty.

Under the circumstances, therefore, how can it plausibly be said that the complaint falls short of a description which identifies the premises with particularity or with reasonable certainty?

We approve of the law as laid down in *People v. Lienartowicz,* 225 Mich. 303, 196 N. W. 326, where it is said: "Nice or technical descriptions are not required. A description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient." See, also, *People v. Flemming,* 221 Mich. 609, 192 N. W. 625; Cornelius, Search and Seizure, p. 324, and authorities there cited.

The plea in abatement interposed by defendant's counsel, based upon the contention that the defendant was not given the benefit of a preliminary examination, is fully ruled in *State v. Solomon,* 158 Wis. 146, 147 N. W. 640, 148 N. W. 1095. The logic of the *Solomon Case* is so conclusive as

to require no further comment herein. For the reasoning and holding in the *Solomon Case* we invite a reading of the opinion therein.

*By the Court.*—Judgment affirmed.