CHRUSCICKI (ANTONINA), Respondent, vs. HINRICHS and others, Appellants.
CHRUSCICKI (VINCENT), Respondent, vs. HINRICHS and others, Appellants.

*September 14—October 9, 1928.*

For the appellants there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, attorneys for L. A. Hinrichs, F. B. Laabs, Thomas Kingston, and Indemnity Insurance Company of North America; *Calvin O. Crocker* of Wausau, attorney for L. A. Hinrichs; *George J. Leicht* of Wausau and *Upham, Black, Russell & Richardson* of Milwaukee, attorneys for the American Surety Company of New York; and *Lamfrom, Tighe, Engelhard & Peck,* attorneys for the Columbia Casualty Company; and the cause was argued orally by *J. E. Messerschmidt.*

For the respondents there was a brief by *L. A. Smongeski* of Stevens Point and *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *C. B. Bird.*

STEVENS, J. The case presents the single question of the validity of the search warrant. If the warrant was valid, the officers were acting within the scope of their authority and are not liable to respond in damages for what they did in executing the warrant.

Two of the officers had resided in Marathon county all of their lives and had often been at plaintiffs' place of business. They knew the particular place that was to be searched. They pointed out that place on the map when they made the complaint to the justice. They went to the particular place which they had designated and searched it. They did not know the legal description of the land owned by the plaintiffs, but they did know the exact location of plaintiffs' property. It thus appears that they were in no way misled by the failure of the justice to correctly copy the legal description of plaintiffs' premises.

"There is some difference among the authorities as to what is a sufficient description of the premises to be searched, and some of the courts have held that the description must be as specific as a description in a conveyance of real estate. Others have held that any description that will enable the officer to locate the premises definitely and with certainty is sufficient, and we think this view is the better one. A description may be one used in the locality and known to the people, if it is sufficiently suggestive that an officer by reasonable inquiry may locate with certainty the place to be searched." *Bradley v. State,* 134 Miss. 20, 98 South. 458, 459. See, also, *Steele v. U. S.* 267 U. S. 498, 503, 45 Sup. Ct. 414; *People v. Holton,* 326 Ill. 481, 158 N. E. 134, 136, 137.

"The prevailing rule is that the place to be searched is

sufficiently described if the officer to whom the warrant is directed is enabled to locate it with certainty." *State v. John,* 103 W. Va. 148, 136 S. E. 842, 844. "This does not necessarily require the exact legal description to be given, such as ordinarily appears in deeds of record in the county recorder's office. The description may be such as is known to the people and used in the locality in question, and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used." *U. S. v. Borkowski,* 268 Fed. 408, 411. See, also, *McSherry v. Heimer,* 132 Minn. 260, 156 N. W. 130, 131; *U. S. v. Harvey,* 298 Fed. 106, 108.

Wisconsin has adopted the prevailing rule. " 'Nice or technical descriptions are not required. A description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient.' " *Anderson v. State,* 192 Wis. 352, 357, 212 N. W. 628. In that case it was held that mistake in the legal description of the place to be searched did not invalidate the warrant, where the premises were described as those occupied by the defendant.

"Facts may be alleged in a complaint which present to the mind a mental picture of premises, which in many instances may serve as a better basis for identification than even a legal description by metes and bounds." *Anderson v. State,* 192 Wis. 352, 355, 356, 212 N. W. 628.

The *Anderson Case* dealt with a description of property located in an urban area. In rural communities houses are commonly known by the name of the owner and occupant, not by the technical legal description of the premises. "The premises occupied by V. Chruscicki" was a place well known to the officers. Such descriptions designated a definitely ascertainable place in terms of reasonable certainty. To the officers the technical part of the description of plaintiffs' premises seems to have meant nothing. But they knew with certainty what was meant by the premises occupied by V.

Chruscicki. Warrants which describe the property to be searched as the home, the residence, or the property of a named defendant have been held to particularly describe the place to be searched within the meaning of the constitutional provision. *People v. Urban,* 228 Mich. 30, 31, 199 N. W. 701; *State v. Whitecotten,* 101 W. Va. 492, 133 S. E. 106, 108; *State v. Leonard,* 162 La. 357, 110 South. 557, 558; *Little v. Comm.* 205 Ky. 55, 265 S. W. 433. Such description of the place to be searched has been held sufficient in cases where the warrant contained an erroneous legal description of the property or an erroneous street number, in case such error did not mislead the officer executing the warrant. *People v. Urban,* 228 Mich. 30, 31, 199 N. W. 701; *State v. Robinson,* 49 Me. 285, 286; *State v. Andrich,* 135 Wash. 609, 238 Pac. 638, 639.

The purpose of requiring the warrant to particularly describe the property to be searched is to direct the officer to the exact place to be searched and to guard against the abuses that prevailed under the old writs of assistance which left the place to be searched to the discretion of the officer. Any description which identifies the property to be searched "with reasonable certainty . . . satisfies the calls of both constitutional and statutory provisions." *Anderson v. State,* 192 Wis. 352, 356, 212 N. W. 628.

(2) It is urged that the warrant does not protect the officers because the complaint was made upon information and belief and was therefore insufficient under the rule of *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227. This case presents an entirely different question from that presented in the *Glodowski Case,* where the right of the defendant to have returned to him property taken under the search warrant was dependent upon the sufficiency of the complaint. An officer to whom a warrant is given is not charged with the duty of passing upon the sufficiency of the complaint on which the warrant is based. When the warrant was delivered to the officers, it became their duty to execute it. If

it was regular and valid upon its face, it fully protected these officers in what they did in the execution of the warrant. *Langen v. Borkowski,* 188 Wis. 277, 299, 300, 206 N. W. 181. A warrant constitutes complete protection to the officer executing it, even in those cases where the magistrate issuing the warrant acts without jurisdiction, provided the officer has no knowledge of such want of jurisdiction. *Holz v. Rediske,* 116 Wis. 353, 356, 92 N. W. 1105.

(3) But it is contended that the warrant in this case is not valid and regular on its face because it does not recite that the justice has found probable cause to believe that the plaintiffs were violating the Prohibition Act. It is not essential to the validity of the warrant that it should contain such recital. " 'Where a search warrant is issued it will be presumed that the magistrate concluded that he had probable cause.' " *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227, 230.

*By the Court.*—Judgments reversed, with directions to dismiss both actions.

ESCHWEILER, J., dissents.