Cheshire,
No. 5829.

STATE *v.* DAVID HEINE.

Argued April 1, 1969.
Decided June 3, 1969.

*George S. Pappagianis,* Attorney General and *David H. Souter,* Assistant Attorney General (*Mr. Souter* orally), for the State.

*Olson, Reynolds & McMahon* (*Mr. Arthur Olson, Jr.* orally), for the defendant.

DUNCAN, J. The briefs and arguments of the parties relate solely to the order of the Trial Court denying the motion to suppress, which was heard three days in advance of trial. At the hearing on the motion, the Court ruled that the burden of proof was on the defendant as the moving party, in accordance with the holding of *State* v. *Coolidge,* 106 N. H. 186, 200-201, pertinent portions of which were read into the record. The Court also ruled that the State had the burden of going forward. Reference was made to Rule 81 of the Superior Court, adopted after the *Coolidge* case was decided (RSA 491:App. R. 81 A) and the Court indicated that there would be no second hearing on the issue at the trial. It was clearly determined without objection and therefore became the law of the trial that *State* v. *Coolidge,* and not Rule 81, should govern as to the burden of proof on the issue of suppression. See *Stiles* v. *Dube,* 106 N. H. 339.

The testimony at the preliminary hearing indicated that the finding of probable cause for the issuance of the search warrant rested primarily upon the contents of a letter signed "David," which had been mailed on September 8, 1967, from Chula Vista, California, to Sandra Kingsbury, a girl of nineteen, residing with her mother in Swanzey, on premises which the warrant authorized to be searched for marijuana "in the possession of one David Heine of Chula Vista, California." It appeared that the defendant came to visit Sandra on September 10, 1967, and that while he was a guest in the Kingsbury home the letter in question was found in the home by Sandra's mother, and as a result of her communication with police, the

search warrant was issued on September 13, 1967. The warrant was executed on the same day, when a quantity of marijuana was seized from a suitcase of which the defendant admitted ownership, which was found in the room in Mrs. Kingsbury's house which he was occupying at the time.

The defendant's objections to receipt of the letter in evidence, and to any disclosure of its contents by testimony, were sustained by the Trial Court by rulings which the Court accompanied with reminders that the burden of proof was upon the defendant. The State's evidence was that the search warrant was issued upon the basis of the affidavit of the applying officer that he had "information from a reliable source" that marijuana would be found on the Kingsbury premises, supplemented by his oral testimony before the magistrate which included a description of the letter and its contents, the original of which the officer had previously seen upon the same day.

Under the law of the trial, in the absence of proof that the warrant was issued without probable cause, the motion to suppress was properly denied. "In the absence of such evidence it must be assumed that having issued the warrant the justice had sufficient basis to find probable cause in conformity with constitutional requirements. *Anderson* v. *State,* 192 Wis. 352; *Aguilar* v. *Texas,* 378 U. S. 108." *State* v. *Coolidge, supra,* 200. See *State* v. *Titus,* 106 N. H. 219. The defendant argues that Mrs. Kingsbury was not shown to have been known to the officer as a reliable informant. A contrary finding was nevertheless warranted. Moreover it was apparent that the affidavit and testimony of the officer was based primarily upon the contents of the letter which he personally saw, more than upon the background information furnished him by Mrs. Kingsbury.

Since there was no proof that the letter relied upon in the issuance of the warrant was insufficient to permit a finding of probable cause, the motion to suppress was properly denied.

At the trial, which followed immediately after denial of the motion to suppress, no objection was offered to receipt of the marijuana in evidence. The defendant called no witnesses, and did not take the stand. He rested his case upon argument that the marijuana was not shown to have been in the possession of the defendant, but could as well have belonged to Sandra Kingsbury, who was reported to have said to the arresting officers, "If you arrest him, you've got to arrest me."

Since there was evidence to warrant the finding beyond a reasonable doubt that the defendant was unlawfully in the possession of narcotic drugs (*State* v. *Colcord,* 109 N. H. 231) the order is

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.