Gregory SELL, Plaintiff-Appellant,†

v.

THOMPSON & COATES, LTD., Susan Perry,
National Union Fire Insurance Company of Pittsburgh,
and Kenosha County, a municipal corporation,
Defendants-Respondents,

RACINE COUNTY, a municipal corporation,
Defendant-Third Party Plaintiff,

Jerry DELCORE, and ABC Insurance Company, Third
Party Defendants.

Court of Appeals

*No. 89-1328. Submitted on briefs April 29, 1991.—Decided
June 12, 1991.*

(Also reported in 472 N.W.2d 834.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Walter W. Stern* of *Stern, Caviale & Stern* of Kenosha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Charles H. Bohl* and *Rebecca Leair* of *Frisch Dudek, Ltd.* of Milwaukee.

On behalf of the defendant-respondent Kenosha County, the cause was submitted on the brief of *Lynn M. Bureta,* assistant corporation counsel.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J. Gregory Sell was arrested and jailed pursuant to a writ of body attachment for failure to appear at a child support modification hearing. He then sued Attorney Susan M. Perry, who applied for the writ, for abuse of process and false imprisonment, and sued Kenosha and Racine counties for false imprisonment. The trial court ruled that all of the defendants were immune from liability and granted separate summary judgments in their favor. We agree and affirm.

Sell, the adjudicated father of a minor, was given visitation rights and ordered to pay child support. The child's mother retained Attorney Perry to seek a modification of the order. In an effort to reach a voluntary agreement on the matter, Attorney Perry sent a letter to Sell outlining the modification the mother desired.

Receiving no response to the letter, Attorney Perry filed a motion for modification of the existing order. Sell was ordered to appear on September 17, 1987. A Racine county constable attempted to serve Sell with the order. The constable later swore out an affidavit stating that despite attempting to serve Sell on four separate occa-

sions and leaving numerous messages, he was unable to locate Sell and believed Sell was avoiding service. Sell did not appear at the September 17 hearing.

Attorney Perry then consulted with a Racine county assistant district attorney and a deputy family court commissioner. After both advised Attorney Perry to obtain a writ of body attachment pursuant to secs. 885.11(2) and 818.02(1)(f), Stats., she applied for the writ, supplying a supporting affidavit. Racine County Judge Dennis J. Flynn signed the writ on September 18, 1987. On Friday night, September 25, a Kenosha county sheriff arrested Sell and delivered him to a Racine county sheriff. Sell was then taken to the Racine county jail.

Sell ultimately spent the weekend in jail. He was released the following Monday, after being ordered to appear on October 8, the adjourned hearing date. Sell appeared on this date and, after a series of other hearings, the existing order was modified.

Sell then filed suit against Attorney Perry, her law firm, the firm's insurance carrier, the child's mother, and Kenosha and Racine counties. The complaint charged them with, among other things, abuse of process and false imprisonment.[1]

The trial court granted separate summary judgments for Attorney Perry and Kenosha and Racine counties. It also found the action frivolous as to Kenosha county. Sell appeals the judgments as to Attorney Perry and Kenosha county.

On appeal, Sell premises his arguments on the proposition that a writ of body attachment is not an appropriate remedy in child support modification cases. He

---

[1]Sell later dropped the child's mother from the suit, and Racine county impleaded Sell's attorney, Jerry Delcore, and Delcore's insurer as third-party defendants.

contends, therefore, that the trial court erred in finding both the county and Attorney Perry immune. Sell asserts that the county sheriff should have been presumed to know the law and that still in dispute are material issues of fact regarding Attorney Perry's claim that she acted in good faith in seeking Sell's arrest through the writ.

When reviewing orders for summary judgment, we are required to follow the same methodology as the trial court. *Park Bank-West v. Mueller,* 151 Wis. 2d 476, 479, 444 N.W.2d 754, 756 (Ct. App. 1989). Summary judgment must be granted if the supporting documents establish that there are no material issues of fact and the movant is entitled to judgment as a matter of law. *Id.* at 480, 444 N.W.2d at 756.

Sell contends that summary judgment was wrongly granted to Kenosha county because the trial court applied incorrect legal standards to the facts. His false imprisonment claim against the county rests on the notion that body attachment is an improper procedure in a proceeding to *modify* an existing child support order, maintaining it is appropriate only in a proceeding to *establish* an initial order. *See* sec. 818.02(1)(f), Stats. Sell contends the sheriff is "presumed to know what the law is" and therefore should have "consult[ed] his or her county attorney as to whether or not this is legitimate." Accordingly, Sell asserts that the sheriff who executed the writ should not have done so even though it was facially valid and signed by a judge. The trial court found that argument "utterly ridiculous" because once the court "signs this document and makes this document its own . . . *[t]hat's the Court's order* and I don't think there's any basis that the county could possibly be held liable." (Emphasis added.) We agree.

771

First, Sell's assertion that the sheriff is presumed to know the law—while correct to a point—does not state the entire rule:

> [W]here a writ is valid in form, with nothing on its face showing a want or loss of jurisdiction, as a matter of law, for the issuance of the writ, and a ministerial officer executing it in the performance of his [or her] official duties is not otherwise chargeable with knowledge to the contrary, the writ will afford protection to him [or her].

*Rubin v. Schrank*, 207 Wis. 375, 380, 241 N.W. 370, 371 (1932). The writ executed against Sell was facially valid. Indeed, Sell does not argue that the writ was not in proper form. For "false imprisonment" to apply, there must first be a false arrest, one made without legal authority. *Maniaci v. Marquette University*, 50 Wis. 2d 287, 295, 184 N.W.2d 168, 172 (1971). "One who instigates or participates in a lawful arrest, as for example an arrest made under a properly issued warrant by an officer charged with the duty of enforcing it . . . is not liable for false imprisonment, since no false imprisonment has occurred." *Id.*

Moreover, we conclude that the county is immune from liability because a sheriff has absolute immunity when executing judicial orders. In *Ford v. Kenosha County*, 160 Wis. 2d 485, 466 N.W.2d 646 (1991), Ford was criminally charged with issuing a worthless check. He paid the imposed fine, but apparently the misdemeanor charges never were dismissed. The assistant district attorney then submitted to the circuit court judge a bench warrant for Ford's arrest. The judge signed it. About six months later Ford was stopped for a defective

taillight and was informed of the outstanding warrant for his arrest. Unable to post bond, he was held in custody for five hours.

Ford filed suit against the county, alleging that the assistant district attorney and clerical personnel were negligent in preparing and submitting the bench warrant. The supreme court held that both the assistant district attorney and the clerical personnel were immune from suit. *Id.* at 489–90, 466 N.W.2d at 647.

The *Ford* court then concluded that "[t]he same policy that supports absolute immunity for judges justifies absolute immunity for non-judicial officers when they are performing acts 'intimately related to the judicial process.' " *Id.* at 497–98, 466 N.W.2d at 651 (quoting *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir. 1980)). The *Ford* court stated the theory of immunity is that "it is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Id.* at 495, 466 N.W.2d at 650 (quoting *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied,* 339 U.S. 949 (1950)). Thus, since the sheriff in this case executed a facially valid arrest order, the county is immune because the sheriff was performing an act "intimately related to the judicial process."

The county also is immune because the sheriff, although a nonjudicial officer, is performing a ministerial function at the direction of a judge. A ministerial act is one which is "absolute, certain, and imperative, involving merely the performance of a specific task where the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion."

*Id.* at 499, 466 N.W.2d at 651 (quoting *Pavlik v. Kinsey,* 81 Wis. 2d 42, 50, 259 N.W.2d 709, 712 (1977)). "[E]ven when a non-judicial officer performs a ministerial function, but *at the direction of a judge* who is acting in a judicial capacity, that officer is cloaked with absolute immunity from civil liability." *Id.* (emphasis in original). An officer to whom a facially valid warrant is given is not charged with the duty of passing upon its underlying sufficiency. *Chruscicki v. Hinrichs,* 197 Wis. 78, 82, 221 N.W. 394, 395 (1928). On the contrary, when an arrest warrant is delivered to an officer, it becomes his duty to execute it. *Id.* It is beyond the scope of a nonjudicial officer's duties to second-guess a judge's order. *See Ford,* 160 Wis. 2d at 501, 466 N.W.2d at 652. As a result, the sheriff had no discretion to question the writ, as Sell asserts, but instead had a duty to execute it.

Finally, even if the sheriff could be charged with false imprisonment, Sell's claim against the county still would fail. False imprisonment is an intentional tort. Section 893.57, Stats. A county is not liable for the intentional torts of its agents. Section 893.80(4), Stats.

Next, Sell asserts two claims against Attorney Perry: false imprisonment and abuse of process. Sell contends that his allegations of bad faith against Attorney Perry constitute a factual dispute. We disagree. The record unequivocally demonstrates her good faith, and no opposing affidavits refute that evidence. Thus, we face only a legal question: whether Attorney Perry, a private attorney, is entitled to immunity for seeking the writ of body attachment against Sell. Whether legal questions were answered correctly is a question of law. Our review is *de novo. See Peck v. Meda-Care Ambulance Corp.,* 156 Wis. 2d 662, 669, 457 N.W.2d 538, 541

(Ct. App. 1990). We conclude that Attorney Perry is entitled to immunity.

In *Langen v. Borkowski,* 188 Wis. 277, 206 N.W. 181 (1925), the supreme court examined the question of a private attorney's immunity from liability for actions taken on behalf of his or her client. The court held that attorneys are officers of the court and, therefore, occupy a "quasi-judicial" office. *Id.* at 301, 206 N.W. at 190. The court further held:

> If the issue of liability is one which is *fairly debatable,* then under the oath of office of an attorney he [or she] is not only authorized to present and urge his [or her] position upon the court, but in the discharge of his [or her] duties towards his [or her] client he [or she] must do so; and if it subsequently is determined that the position taken by him [or her] was erroneous, he [or she] should be relieved from responsibility. He [or she] is in duty bound, however, under his [or her] oath, to exercise good faith.

*Id.* at 302, 206 N.W. at 190 (emphasis added); *see also Strid v. Converse,* 111 Wis. 2d 418, 429, 331 N.W.2d 350, 356 (1983) (holding that such a qualified immunity applies when an attorney pursues, in good faith, his or her client's interests on a matter fairly debatable in the law).

The issue, therefore, is not whether Attorney Perry would prevail but whether her action was "fairly debatable" in the law. Sell argues that the issue here is not fairly debatable because Wisconsin law provides for a writ of body attachment only in actions to *establish* new child support orders, not to *modify* existing ones. *See* sec. 818.02(1)(f), Stats.[2] We disagree. We conclude the

---

[2]Although the phrase "establish a child support or mainte-

writ was "fairly debatable" under either sec. 818.02(1)(f) or sec. 885.11(2), Stats., which provides that if a witness unexcusably fails to appear, a court may issue an attachment to bring such witness before it for the contempt and to testify. Furthermore, no statute explicitly prohibits body attachment in a matter involving modification of a child support order. Finally, Judge Flynn approved the writ.

No evidence exists that Attorney Perry was acting in bad faith in applying for the body attachment. The facts alleged in her supporting affidavit are undisputed. No evidence exists of any malice or fraud on Attorney Perry's part. She consulted with an assistant district attorney and a deputy court commissioner, both experienced in such matters, and received the same advice from both. She presented the writ to a judge, who signed it.

■■■■■■

Nor is there evidence to support an abuse of process claim. The two elements of this tort are: (1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process. *Strid,* 111 Wis. 2d at 427, 331 N.W.2d at 355. Abuse of process lies even where "legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was

nance obligation" has not been construed relating to sec. 818.02(1)(f), Stats., the similar phrase, "to establish or enforce a support or maintenance obligation," in sec. 46.25(7), Stats., has been held to refer not only to actions establishing and enforcing an initial award, but also to actions seeking to modify child support. *State ex rel. Jeske v. Jeske,* 138 Wis. 2d 268, 270, 405 N.W.2d 757, 758 (Ct. App. 1987), *aff'd,* 144 Wis. 2d 364, 424 N.W.2d 196 (1988).

not designed." *Id.* at 426, 331 N.W.2d at 355 (quoting *Maniaci,* 50 Wis. 2d at 299, 184 N.W.2d at 174). Malice is not required. *Id.* Consequently, because the issue is fairly debatable and the record reflects that Attorney Perry acted at all times in good faith and without an ulterior motive, she is entitled to immunity.

The final issue is whether the trial court erred in determining that Sell's claim against Kenosha county was frivolous. At a hearing on the frivolousness of the actions against Kenosha county and Attorney Perry, the trial court found the action against the county frivolous because it was brought (1) in bad faith "in an attempt to gain revenge"; (2) by Sell's attorney who knew or should have known the action was without reasonable basis in the law; and (3) when the action could not be supported by a good faith argument for a change in existing law. *See* sec. 814.025(3)(a) and (b), Stats.

As to the frivolousness of the action against Attorney Perry, however, the trial court reserved ruling and requested briefs from both parties. The record is silent as to whether any further action was taken. Thus, despite the court's oral ruling regarding the county, this aspect of the case was never disposed of by a final order. An oral ruling must be reduced to writing and entered before an appeal can be taken from it. *In re Helmrick,* 95 Wis. 2d 554, 556, 291 N.W.2d 582, 583 (Ct. App. 1980). The notice of appeal states that the appeal is taken "from the Order and Judgment dated the 15th and 17th day of May, 1989." The hearing on the issue of frivolousness was held on June 23, 1989. This portion of the appeal must therefore be dismissed because the notice of appeal

was ineffective to establish jurisdiction in this court for purposes of appeal. *See id.*

*By the Court.*—Judgments affirmed.