COURT OF APPEALS
DECISION
DATED AND FILED

August 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP804**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV124

IN COURT OF APPEALS
DISTRICT III

DANIELLE MARIE REYNOLDS,

　　PLAINTIFF-APPELLANT,

　V.

KENNETH WAYNE PARDUN, AUSTIN MUTUAL INSURANCE COMPANY AND SYNERGY COOPERATIVE,

　　DEFENDANTS-THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

DOES I-V AND ROES CORPORATIONS VI-X,

　　DEFENDANTS,

　V.

ROBERT E. PHERNETTON,

　　THIRD-PARTY DEFENDANT.

APPEAL from an order of the circuit court for Burnett County: MELISSIA R. MOGEN, Judge. *Reversed and cause remanded with directions*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Danielle Marie Reynolds appeals from a circuit court decision dismissing her personal injury claims against Kenneth Wayne Pardun, Synergy Cooperative, and Austin Mutual Insurance Company after granting those defendants a default judgment on their third-party claims for contribution and indemnification against Robert E. Phernetton.   We conclude that Reynolds' claims were improperly dismissed for two reasons: issue and claim preclusion do not apply to Reynolds' claims, and she was denied due process when the court dismissed her claims without notice or an opportunity to present evidence.[1]   We reverse the court's decision and remand with directions for the court to reinstate Reynolds' claims against Pardun, Synergy, and Austin Mutual.

## BACKGROUND

¶2      Reynolds initiated this personal injury lawsuit after suffering injuries in a motor vehicle and tractor accident.   The accident occurred while Reynolds

---

[1] Reynolds cites two per curiam opinions and two summary disposition orders to support her arguments on appeal, in violation of WIS. STAT. RULE 809.23(3) (2023-24).   As a high-volume, appellate court, we are entitled to expect briefing to follow the basic Rules of Appellate Procedure.   We caution Reynolds' counsel that future violations of the Rules of Appellate Procedure may result in sanctions.   *See* WIS. STAT. RULE 809.83(2) (2023-24).

All references to the Wisconsin Statutes are to the 2023-24 version.

was a passenger in a vehicle driven by Phernetton on a highway.  According to Reynolds' complaint, Phernetton attempted to pass a tractor operated by Pardun, and as Phernetton began passing the tractor, Pardun initiated a left turn, resulting in a collision between the vehicle and the tractor.

¶3    Reynolds asserted a negligence claim against Pardun, alleging that he negligently operated the tractor.  Reynolds also alleged vicarious liability; direct negligence; and negligent hiring, supervision, and/or training claims against Synergy, Pardun's employer and the owner of the tractor.  Reynolds additionally named Austin Mutual, Synergy's insurer, as a defendant in the lawsuit.

¶4    In turn, Pardun, Synergy, and Austin Mutual (collectively, Austin Mutual) filed an amended third-party complaint against Phernetton, alleging that Phernetton negligently operated the vehicle in which Reynolds was a passenger and that his negligence caused Reynolds' injuries and damages.  Austin Mutual further alleged that Phernetton's negligence directly "resulted in" Synergy suffering "damages" and "lost profits."  According to Austin Mutual, if it were "adjudged to be liable" to Reynolds, "it could only be under the circumstances entitling" Austin Mutual "to contribution and/or indemnity from" Phernetton. Austin Mutual sought "contribution and/or indemnity for any amounts" it is "adjudged to be liable to [Reynolds] as against [Phernetton] together with … costs and disbursements."

¶5    Although Phernetton was personally served with the amended third-party complaint, he failed to appear in the action by answering the complaint. As a result of Phernetton's failure to appear, Austin Mutual moved for a default judgment against Phernetton pursuant to WIS. STAT. § 806.02.  Austin Mutual requested that the circuit court "grant [it] an award of default judgment against

3

[Phernetton] in the amount of $25,244.83"—the cost to repair the tractor—"with claims of contribution and indemnity asserted against [Phernetton] continuing."

¶6      Reynolds opposed Austin Mutual's motion for default judgment against Phernetton, stating, "In order to ensure that [Reynolds] is not prejudiced by [Phernetton's] failure to … appear in this matter, the Court should find that [his] failure to appear does not constitute an admission of negligence regarding the underlying vehicle collision."  Reynolds stated that under WIS. STAT. § 895.045, "in situations involving multiple tortfeasors[,] a [p]laintiff may only seek joint liability from any tortfeasor whose liability is found to be 51% or more."  She asserted that "a jury may apportion fault directly against [Pardun and Synergy] for their own negligent actions, which apportionment [Phernetton] may have no duty to indemnify or contribute to."  Reynolds stated that, "[i]n other words," she requested that the court prevent Austin Mutual "from using [its] proposed Default Judgment to escape [its] own liability as determined by [a] Jury."

¶7      The circuit court held a hearing on March 13, 2024, to address the motion for default judgment.[2]  At the hearing, Austin Mutual argued that it was "entitled to a default motion on everything," including on liability.  Austin Mutual insisted that "there's no way to just go on indefinitely with Mr. Phernetton not participating in this lawsuit."  Austin Mutual further argued that default judgment was particularly appropriate in this case because Phernetton was driving Reynolds' vehicle, the vehicle was not insured, and Phernetton did not have insurance. Austin Mutual asserted that Reynolds was not suing Phernetton due to the lack of

---

[2] Phernetton did not appear at the hearing.  The circuit court found that Phernetton was properly served with a notice of the hearing.

insurance coverage and that this fact should not be held against it. Reynolds stated that she did not necessarily oppose default judgment against Phernetton, but she explained her opposition to allocating 100% fault to Phernetton at this stage of the proceedings.

¶8 The circuit court found Phernetton in default for failing to appear in response to the third-party complaint. Based on this finding, the court granted Austin Mutual's motion for default judgment, stating that it was "not going to caveat" the judgment by reserving "allocation of fault for the factfinder," as Reynolds had requested. The court found that Austin Mutual was not using default judgment as "an escape hatch, so to speak," to avoid liability. The court orally indicated that the case was dismissed "[i]n its entirety."

¶9 On March 14, 2024, the day after the hearing, the circuit court signed two documents: (1) "Findings of fact, conclusions of law, and order for default judgment"; and (2) "Default judgment." The first of these documents stated that it was "ordered" that the motion for default judgment was granted and that Austin Mutual was entitled to a judgment against Phernetton for $25,244.83 "for property damage to the tractor" and "for contribution and/or indemnification against [Phernetton] for any amounts as may be awarded to [Reynolds] against" Austin Mutual "and any costs incurred in the above-entitled matter as [Austin Mutual's] claims for contribution and indemnity continue." The document further provided that "[a] hearing will be held to determine the questions of damages" and that "the clerk of court shall enter judgment consistent with this order."

¶10 The second document stated that Austin Mutual "shall recover from" Phernetton $25,244.83 "plus any additional amounts as may be awarded to [Reynolds] from" Austin Mutual "should liability be adjudged and amounts

awarded to [Reynolds] in the underlying lawsuit as [Austin Mutual's] claims for contribution and indemnity continue." Both documents stated, "This is a final order for the purpose of appeal." (Formatting altered.)

¶11 Shortly thereafter, on March 18, 2024, Reynolds filed a motion to "set aside order and dismissal of [her] claims" pursuant to WIS. STAT. § 806.07(1)(a), (h). Reynolds stated that the circuit court's "Order" dated March 14 "and the clerk's closing of the instant case appear[] to be in error, given that no party requested such relief and no legal basis exists to deprive [Reynolds] of her claims against" Austin Mutual. (Formatting altered.) Reynolds further asserted that "the Court appears to have intended only to grant default to" Austin Mutual against Phernetton "because of Phernetton's failure to appear in this matter. Phernetton's failure to appear in this matter, however, has no legal [e]ffect on [Reynolds'] legal right to pursue her claim against" Austin Mutual. (Formatting altered.) Accordingly, Reynolds requested that the court "reopen this matter, allowing [Reynolds] to pursue her claims against" Austin Mutual.

¶12 Austin Mutual opposed Reynolds' motion, asking that her "cause of action remain closed." Austin Mutual argued that default judgment is conclusive as to material issuable facts contained in a complaint and, in this case, default judgment means "Phernetton was solely at fault for the accident." Thus, Austin Mutual argued that the circuit court "had *no choice* but to dismiss [Reynolds'] claims." Additionally, Austin Mutual asserted that the court was within its authority by dismissing Reynolds' claims sua sponte, "[s]ubject to due process requirements," as opposed to "requiring [Austin Mutual] to file a motion to dismiss." Austin Mutual claimed that Reynolds was afforded due process because she "had notice of the possibility that her[] claims would be impacted by [its] motion for default judgment."

¶13    On April 22, 2024, prior to the circuit court addressing Reynolds' motion, Reynolds filed a notice of appeal ("first notice of appeal"). Reynolds identified both of the court's signed March 14, 2024 documents, stating she was appealing "the dismissal of her claims as part of the Circuit Court's Order and Judgment, both entered on March 14, 2024."

¶14    On April 23, 2024, the circuit court entered a "Decision & Order," in which it concluded that it "properly dismissed the matter in toto" at the March 13, 2024 hearing because, under *Menard, Inc. v. Liteway Lighting Products*, 2005 WI 98, ¶34, 282 Wis. 2d 582, 698 N.W.2d 738, default judgment is conclusive as to any material issuable facts contained in a complaint, and Austin Mutual's amended third-party complaint "squarely put negligence and liability for the alleged accident on Mr. Phernetton's shoulders." The court's April 23 decision and order did not include language stating that it was final for the purpose of appeal.

¶15    The following day, this court notified counsel for Reynolds that her first notice of appeal was not properly signed. Reynolds filed her second notice of appeal the same day, April 24, 2024. Reynolds submitted her third notice of appeal on May 1, 2024. The second and third notices of appeal were, for all intents and purposes, the same as the first notice of appeal, but included proper signatures.

**DISCUSSION**

## I. Jurisdiction

¶16 This court has an independent duty to determine whether we have jurisdiction over Reynolds' appeal.[3] *See Carla B. v. Timothy N.*, 228 Wis. 2d 695, 698, 598 N.W.2d 924 (Ct. App. 1999). An appeal as of right can only be taken from a final judgment or order that "disposes of the entire matter in litigation as to one or more of the parties." WIS. STAT. § 808.03(1).

¶17 "[F]inality is based on the text of the judgment or order at issue, not the subsequent actions taken by the circuit court nor the court's intent." *Morway v. Morway*, 2025 WI 3, ¶20, 414 Wis. 2d 378, 15 N.W.3d 886 (citing *Harder v. Pfitzinger*, 2004 WI 102, ¶12, 274 Wis. 2d 324, 682 N.W.2d 398). "[W]hether the judgment or order at issue disposed of the entire matter in litigation depends on whether it leaves anything to be decided as a matter of substantive law in the litigation." *Id.* (citing *Harder*, 274 Wis. 2d 324, ¶12). Final judgments or orders "must explicitly dispose of the entire matter in litigation"; "[m]ere legal reasoning and decision-making is not sufficient to make a judgment or order final." *Id.*, ¶22 (citing *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶¶33-34, 50, 299 Wis. 2d 723, 728 N.W.2d 670).

¶18 "[I]n an effort to provide greater clarity to litigants," our supreme court has "required that a final judgment or order contain on its face a statement indicating that it is final for purposes of appeal." *Id.*, ¶23 (citing *Wambolt*, 299

---

[3] We directed the parties to address this court's jurisdiction as the first issue in their appellate briefs.

Wis. 2d 723, ¶50). "Absent such a statement, … courts [are] to liberally construe any ambiguities in the judgment or order at issue to preserve the right to appeal." ***Id.*** (citing ***Wambolt***, 299 Wis. 2d 723, ¶50). "However, an incorrect or nonexistent finality statement will not render ambiguous an otherwise unambiguous final judgment or order." ***Id.***, ¶25. Finality remains based on the text of the judgment or order at issue, "even if a finality statement says otherwise." ***Id.***, ¶24; *see also* ***Admiral Ins. Co. v. Paper Converting Mach. Co.***, 2012 WI 30, ¶¶32-36, 339 Wis. 2d 291, 811 N.W.2d 351 (concluding that contrary to the finality statement on a circuit court's summary judgment order, the order was not final because a counterclaim for attorney fees was still before the court when the order was entered).

¶19 The March 14, 2024 documents each included finality statements indicating that the documents were final for purposes of appeal. However, as we outlined above, finality statements are not dispositive. *See* ***Morway***, 414 Wis. 2d 378, ¶¶24-25. Contrary to the finality statements in the March 14, 2024 documents, both documents contemplated additional proceedings.

¶20 The March 14, 2024 document titled, "Findings of fact, conclusions of law, and order for default judgment," stated that, in addition to judgment for damages to the tractor, Austin Mutual was entitled to judgment against Phernetton "for contribution and/or indemnification against [Phernetton] *for any amounts as may be awarded to [Reynolds] against*" Austin Mutual "and any costs incurred in the above-entitled matter as [Austin Mutual's] claims for contribution and indemnity continue." (Emphasis added.) That document further stated that a hearing would be held to determine the "questions of damages," which Austin Mutual correctly notes would be a hearing to determine whether Reynolds was entitled to damages from Austin Mutual.

¶21 The March 14, 2024 document titled, "Default judgment," stated that, in addition to judgment for damages to the tractor, Austin Mutual was entitled to "*any additional amounts as may be awarded to [Reynolds] from*" Austin Mutual "should liability be adjudged and amounts awarded to [Reynolds] in the underlying lawsuit as [Austin Mutual's] claims for contribution and indemnity continue." (Emphasis added.)

¶22 Thus, on their face, the documents demonstrate that the circuit court did not dispose of the entire matter in litigation on March 14, 2024. The documents explicitly left open the issue of whether Austin Mutual would be liable to Reynolds, and if so, in what amount. The court further provided that Austin Mutual could recover from Phernetton on Austin Mutual's claims for contribution and indemnity, consistent with Austin Mutual's amended third-party complaint and the default judgment. In other words, the March 14, 2024 documents did not address Reynolds' claims against Austin Mutual and did not fully resolve Austin Mutual's claims against Phernetton. These are "matter[s] of substantive law in the litigation" that remained to be decided.[4] *See Morway*, 414 Wis. 2d 378, ¶20.

---

[4] We note that while the circuit court's March 14, 2024 documents left substantive legal issues to be decided, these documents appear to be at odds with the court's oral ruling at the default judgment hearing, where the court stated that it was dismissing the litigation "[i]n its entirety." However, as Austin Mutual posits on appeal, for purposes of determining the finality of a judgment or order, binding case law requires this court to consider the text of those documents, not the circuit court's intent or subsequent actions. *See Morway v. Morway*, 2025 WI 3, ¶20, 414 Wis. 2d 378, 15 N.W.3d 886; *see also Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶25 n.11, 339 Wis. 2d 291, 811 N.W.2d 351; *Sell v. Thompson & Coates, Ltd.*, 163 Wis. 2d 765, 777, 472 N.W.2d 834 (Ct. App. 1991) ("An oral ruling must be reduced to writing and entered before an appeal can be taken from it.").

¶23 Following Reynolds' motion to reopen the lawsuit, the circuit court entered its April 23, 2024 order, wherein the court stated that it had properly dismissed the lawsuit "in toto" at the March 13, 2024 hearing.

¶24 We construe the circuit court's April 23, 2024 order to be a final appealable order. In this order, the court focused on its oral ruling from the default judgment hearing and concluded that it had properly dismissed the lawsuit in its entirety, including Reynolds' claims, at the hearing. The April 23, 2024 order ended all issues with the lawsuit, including Reynolds' claims, and it was Reynolds' only appealable order as of right. *See Morway*, 414 Wis. 2d 378, ¶20.

¶25 The issue then becomes whether we have jurisdiction to review the April 23, 2024 order. Although a notice of appeal "shall include" "[a]n identification of the judgment or order from which the person filing the notice intends to appeal and the date on which it was entered," WIS. STAT. RULE 809.10(1)(b)2., "[a]n inconsequential error in the content of the notice of appeal is not a jurisdictional defect," RULE 809.10(1)(f). Binding case law has established that a party's failure to correctly identify the final appealable document in a notice of appeal is not necessarily fatal to appellate jurisdiction. "A notice of appeal identifying a nonappealable order is sufficient to invoke appellate jurisdiction if it is apparent that the appellant intended to appeal an appealable order and the notice was timely with respect to the final order." *Evans v. Luebke*, 2003 WI App 207, ¶31 n.16, 267 Wis. 2d 596, 671 N.W.2d 304; *see also State v. Ascencio*, 92 Wis. 2d 822, 825, 285 N.W.2d 910 (Ct. App. 1979); *State v. Avery*, 80 Wis. 2d 305, 309, 259 N.W.2d 63 (1977), *abrogated on other grounds by State v. Montgomery*, 148 Wis. 2d 593, 436 N.W.2d 303 (1989).

¶26    Austin Mutual asserts that "it is not apparent that Ms. Reynolds intended to appeal from the April 23 order." We disagree. Both the second and third notices of appeal, filed after the circuit court's April 23, 2024 final order, stated that Reynolds was appealing the court's decision "wherein the court granted default judgment against [Phernetton] for failing to appear after being served with a summons, and also dismissed Plaintiff's claims against Defendants in their entirety." As we explained, contrary to the parties' and the circuit court's subjective beliefs, the March 14, 2024 documents did not dispose of all substantive issues. This task was not accomplished until the April 23, 2024 order dismissed Reynolds' claims against Austin Mutual.

¶27    Reynolds' first notice of appeal, albeit deficient, clearly demonstrates that she intended to appeal the circuit court's decision dismissing her claims against Austin Mutual due to the court granting default judgment against Phernetton. *See Evans*, 267 Wis. 2d 596, ¶31 n.16. Reynolds' second and third notices of appeal, which were properly filed, stated that she is appealing the court's default judgment decision dismissing "Plaintiff's claims against Defendants in their entirety," and they cast no doubt on what is being appealed. *See Avery*, 80 Wis. 2d at 309; *Culbert v. Young*, 140 Wis. 2d 821, 824-25, 412 N.W.2d 551 (Ct. App. 1987). To hold that we do not have jurisdiction over this appeal would be contrary to binding legal authority under which (1) inconsequential errors in a notice of appeal do not affect our jurisdiction, *see* WIS. STAT. RULE 809.10(1), and (2) we may consider an appellant's clear intent

when assessing our jurisdiction over an appeal, *see Evans*, 267 Wis. 2d 596, ¶31 n.16.  We therefore conclude that we have jurisdiction over this appeal.[5]

## II.  Dismissal of Reynolds' claims

¶28   Turning to the substantive issues raised in this appeal, the parties dispute whether the circuit court erred by dismissing Reynolds' claims against Pardun, Synergy, and Austin Mutual.  The circuit court dismissed her claims based on its interpretation of **Menard** as stating that default judgment is conclusive as to material issuable facts contained in a complaint; the court granted Austin Mutual's default judgment on its third-party claims; the amended third-party complaint in this case alleged that Phernetton was completely liable for the alleged accident; and, therefore, Reynolds could not bring claims against Austin Mutual.

¶29   Austin Mutual argues that the circuit court "necessarily concluded that Mr. Phernetton was solely at fault for the accident" and that "[i]ssue preclusion prohibits Ms. Reynolds from relitigating" liability as part of her claims against it.  (Formatting altered.)  In contrast, Reynolds argues that the court essentially granted Austin Mutual default judgment on her claims.  Reynolds contends that this decision was in error because her claims were not bound by the factual allegations in the amended third-party complaint and the decision denied her due process because the court failed to provide adequate notice that dismissal

---

[5] We also note that there is no dispute that both Reynolds' second and third notices of appeal were timely filed with respect to the April 23, 2024 order.  *See* WIS. STAT. RULE 809.10(1)(e); WIS. STAT. § 808.04(1).

of her claims "was a possible result of the hearing" that addressed the motion for default judgment against Phernetton.[6]

¶30 "Issue preclusion addresses the effect of a prior judgment on the ability to re-litigate an identical issue of law or fact in a subsequent action." *Mrozek v. Intra Fin. Grp.*, 2005 WI 73, ¶17, 281 Wis. 2d 448, 699 N.W.2d 54. "In order for issue preclusion to be a potential limit on subsequent litigation, the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and be necessary to the judgment." *Id.* "Whether issue preclusion is a potential limit on litigation in an individual case is a question of law, on which we give no deference to the circuit court's decision." *Id.*, ¶15.

¶31 This court has consistently held that "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, [the issue preclusion rule] does not apply with respect to any issue in a subsequent action." *Heggy v. Grutzner*, 156 Wis. 2d 186, 193, 456 N.W.2d 845 (Ct. App. 1990) (second alteration in original; citation omitted); *Deminsky v. Arlington Plastics Mach.*, 2001 WI App 287, ¶39, 249 Wis. 2d 441, 638 N.W.2d 331, *affirmed as modified and cause remanded on other grounds*, 2003 WI 15, 259 Wis. 2d 587, 657 N.W.2d 411. This conclusion is consistent with that of other jurisdictions which have addressed the issue. *See State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 958-60 (S.D. Ind. 1990) (concluding that an injured

---

[6] Because we conclude that Reynolds was not bound by the facts alleged in the amended third-party complaint and that she was denied due process, we need not address additional grounds for reversal raised by Reynolds. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (noting that we need not address all issues when the resolution of one of those issues is dispositive).

motorist was not precluded by a driver's default judgment from contesting allegations in an insurer's complaint).

¶32    Consistent with this case law, Austin Mutual's default judgment against Phernetton could not bar Reynolds' claims against Austin Mutual. The issues of negligence, liability, and contribution raised in Reynolds' lawsuit were never "actually litigated" because Phernetton's liability was determined by default judgment. *See* **Heggy**, 156 Wis. 2d at 193; **Deminsky**, 249 Wis. 2d 441, ¶39. Moreover, issue preclusion cannot apply to Reynolds' claims because the claims were not made in a subsequent action. *See* **Mrozek**, 281 Wis. 2d 448, ¶17.

¶33    Like the circuit court, Austin Mutual relies on **Menard**, arguing that it stands for the proposition that any material issues of fact alleged in a complaint are "actually litigated" upon default judgment, and, therefore, Phernetton was 100% liable for the accident and the court properly dismissed Reynolds' claims. In **Menard**, our state supreme court stated that, under the doctrine of *claim preclusion*, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." **Menard**, 282 Wis. 2d 582, ¶26 (alteration in original; citation omitted). Moreover, the court articulated that "additional consideration applies" when the prior action ended in a default judgment. *Id.*, ¶34. The court outlined, "[f]or purposes of claim preclusion," that "[t]he conclusiveness of a default judgment … 'is limited to the material issuable facts which are well pleaded in the declaration or complaint. The judgment does not extend to issues which were not raised in the pleadings.'" *Id.* (quoting *A.B.C.G. Enters., Inc. v. First Bank Se., N.A.*, 184 Wis. 2d 465, 481, 515 N.W.2d 904 (1994)).

15

¶34 **Menard** does not dictate the outcome in this case. It merely identifies the proper *claim preclusion* analysis for determining whether a final judgment was conclusive in subsequent actions between the parties when the prior lawsuit resulted in a default judgment. The court's holding in **Menard** says nothing about *issue preclusion* or default judgment in a context similar to that presented in this case. Furthermore, claim preclusion cannot apply here because Reynolds and Phernetton are not one party, and it is uncontested that they are not in privity. *See id.*, ¶26; **State v. Jody A.E.**, 171 Wis. 2d 327, 341, 491 N.W.2d 136 (Ct. Ap. 1992) ("The general rule is that no persons are bound by a judgment except those who are parties or stand in privity with others who are parties."). And, again, Reynolds did not make her claims in a subsequent action, which is a requirement for claim preclusion. *See **Menard**, 282 Wis. 2d 582, ¶26.

¶35 The circuit court's decision to dismiss Reynolds' claims based on Phernetton's failure to appear is problematic for another reason. Namely, Reynolds was not provided notice that the court could, or would, dismiss her claims against Austin Mutual due to Phernetton's failure to appear without first providing Reynolds an opportunity to present evidence as to Austin Mutual's negligence. *See **Northbrook Wis., LLC v. City of Niagara**, 2014 WI App 22, ¶21, 352 Wis. 2d 657, 843 N.W.2d 851 ("The fundamental requirements of procedural due process are notice and an opportunity to be heard."); **Estate of Rille v. Physicians Ins. Co.**, 2007 WI 36, ¶60, 300 Wis. 2d 1, 728 N.W.2d 693 (stating that fundamental fairness is an element of issue preclusion "bottomed in guarantees of due process which require that a person must have had a fair

opportunity procedurally, substantively and evidentially to pursue the claim before a second litigation will be precluded" (citation omitted)).[7]

¶36 Austin Mutual's amended third-party complaint requested judgment against Phernetton "for contribution and/or indemnity for any amounts" Austin Mutual is "adjudged to be liable to [Reynolds] as against [Phernetton] together with its costs and disbursements." Likewise, Austin Mutual's motion for default judgment, and its brief in support of that motion, stated that it was moving for default judgment against Phernetton, not Reynolds. Austin Mutual requested, in its briefing for default judgment, that the circuit court "grant [it] an award of default judgment against [Phernetton] in the amount of $25,244.83"—the cost to repair the tractor—"with claims of contribution and indemnity asserted against [Phernetton] *continuing*." (Emphasis added.)

¶37 Neither Austin Mutual's third-party amended complaint nor its briefing in support of its motion for default judgment put Reynolds on notice that it sought dismissal of her claims, or that her claims could be dismissed. *See* WIS. STAT. § 806.01 ("If there be no answer[,] the relief granted to the plaintiff shall not exceed that demanded in the complaint."). If Austin Mutual had sought to dismiss Reynolds' claims, Austin Mutual would not have stated in its motion that its third-party claims for contribution and indemnity would continue. To be sure, Reynolds was clearly aware of the default judgment proceedings and understood that a judgment against Phernetton could impact her ability to seek compensation, as evidenced by her response to Austin Mutual's motion for default judgment.

---

[7] The circuit court never conducted a fairness inquiry as part of an issue preclusion analysis. *See* ***Mrozek v. Intra Fin. Grp.***, 2005 WI 73, ¶17, 281 Wis. 2d 448, 699 N.W.2d 54.

However, she was not aware prior to the hearing that the circuit court could dismiss the lawsuit "in toto" based on issue preclusion or any other basis, without first providing her an opportunity to present evidence. In fact, the reasoning for the court's dismissal—namely, its reliance on *Menard*—was not entirely clear until after Reynolds filed her motion to set aside the court's ruling.

¶38    Indeed, even the circuit court's March 14, 2024 documents contemplated further proceedings to address "damages." However, the court's April 23, 2024 order made clear that it was granting default judgment against Phernetton and that, in doing so, the court ruled as to liability, an issue of material fact in this case, without ever permitting Reynolds the opportunity to provide any evidence of Austin Mutual's negligence.[8] *Cf. Estate of Rille*, 300 Wis. 2d 1, ¶91 (noting that the parties had an opportunity to present evidence at a summary judgment hearing regarding the issue subject to preclusion).

¶39    For the reasons stated, the circuit court's ruling has no basis in law and deprived Reynolds of due process. We reverse the court's decision and remand with directions for the court to reinstate Reynolds' claims against Austin Mutual.

*By the Court.*—Order reversed and cause remanded with directions.

---

[8] Austin Mutual asserts that Reynolds could have opposed its motion for default judgment "by offering evidence that Mr. Pardun and Synergy were negligent or at fault." However, Reynolds did not have notice that this issue would be decided at the default judgment hearing, which was not framed as evidentiary in nature, and the circuit court never indicated that it would consider evidence of Austin Mutual's negligence. Moreover, at that stage in the proceedings—including before completion of discovery—Reynolds was in no way obligated to attempt to present such evidence.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.